In the Matter of the Judicial Settlement of the Account of Proceedings of JULIA LEVY and WILLIAM HYAMS, as Executors, etc., of PHILIP LEVY, Deceased.

ROSETTA CORN, Appellant; ESTELLE LEVY, Respondent.

*Settlement of a case on appeal — exceptions by the successful party should not appear therein — nor statements by counsel as to the law applicable to the case.*

Exceptions taken by a prevailing party are, as a general rule, not properly part of a case on appeal prepared by the unsuccessful party. Special reasons may, however, sometimes exist which will authorize a departure from the general rule.

A statement by counsel not in the nature of an admission, but an assertion of his view of the law as applicable to the facts of the case, should not be inserted in a case on appeal.

APPEAL by Rosetta Corn from an order of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 3d day of December, 1903, denying a motion made by the said Rosetta Corn to resettle a case on appeal in the above-entitled proceeding.

*Joseph J. Corn* [*Edward Lazansky* with him on the brief], for the appellant.

*W. C. Prime*, for the respondent.

WILLARD BARTLETT, J. :

The notice of motion for a resettlement of the case on appeal asked for the allowance of the proposed amendments numbered 6, 23, 27, 30, 31 and 34.

The proposed amendment numbered 6 was properly disallowed, because it was simply a statement by counsel, not in the nature of an admission, but an assertion of his view of the law as applicable to the facts of the case.

The other proposed amendments were chiefly designed to show that the surrogate excluded evidence offered by the successful party which was material and relevant to prove that the legacy to Rosetta Corn was a charge upon the testator's real estate and, hence, to justify the surrogate's decision to that effect. As a general rule, exceptions taken by a prevailing party are not properly part of a case on appeal prepared by the party who has been unsuccessful. (*Beach* v. *Cooke*, 28 N. Y. 508, 535.) Special reasons may sometimes exist, authorizing a departure from the rule that such exceptions should not be incorporated in the case on appeal. (*Dabney* v. *Stevens*, 10 Abb. Pr. [N. S.] 43.) No such reasons are apparent here, however, inasmuch as the decision of the surrogate indicates that his conclusion, to the effect that the legacies were chargeable upon the real estate, was based, not at all upon any inference as to the condition of the testator's property, but solely upon the concession of the executors and the language of the will itself.

We think that the case as settled preserved all the rights of the appellant here for their due presentation to the Appellate Division, and, therefore, conclude that the order denying her motion for a resettlement should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.