(153 App. Div. 73.)

### BONNETTE v. MOLLOY.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. BANKS AND BANKING (§ 301*)—SAVINGS BANKS—JOINT DEPOSITORS—RIGHTS OF DEPOSITORS.

Banking Law (Consol. Laws 1909, c. 2) § 143, provides that the bank book issued by savings banks shall be evidence between the banks and the depositors holding the same of the terms on which the deposits are made. M. and S. opened an account with a savings bank, "payable to either and to the survivor," and signed the usual bank signature book, agreeing to be bound by the rules of the bank, one of which provided that the bank book was a voucher between the bank and the depositor, subject to equities arising between the parties. Both were at the bank at the same time to open the account. The bank book remained in the possession of M., and he drew on the account from time to time. while S., who owned the money deposited, drew nothing on the account. *Held*, that M. and S. were joint owners of the deposit, and M., surviving S., was entitled to the balance remaining.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1176; Dec. Dig. § 301.*]

2. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE ON APPEAL—FINAL JUDGMENT.

Under Code Civ. Proc. § 1022, as amended by Laws 1895, c. 946, providing that the Appellate Division shall review all questions of fact and of law, and may either modify or affirm the judgment, award a new trial, or grant to either party the judgment which the facts warrant, and section 1317, as amended by Laws 1912, c. 380, requiring the Appellate Division to render judgment, except where it may be necessary to grant a new trial, and providing that when a trial has been had before a jury, the judgment of the Appellate Division must be rendered, either on special findings of the jury or the general verdict, or on motion to dismiss

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the complaint or direct a verdict, etc., the Appellate Division is vested with authority to grant the final judgment which should have been granted by the trial court, not only in equity cases, but in all actions tried before the court without a jury, and in jury cases, where the evi-dence is insufficient to require submission of the case to the jury, and the question has been presented by a motion for dismissal, provided that all materially competent evidence offered by the successful party has been received.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

3. APPEAL AND ERROR (§ 1175*)—APPELLATE COURTS—JURISDICTION—STATUTORY PROVISIONS—VALIDITY.

Const. art. 6, § 2, as amended in 1905, conferring jurisdiction on the Appellate Division and such additional jurisdiction as may be conferred by the Legislature, vests in the Legislature power to confer additional jurisdiction on the Appellate Division, not confined to authority to review and affirm or reverse, but to grant the judgment that should have been granted by the trial court, excepting in jury cases, where the constitutional right to trial by jury exists, and the right to judgment depends on conflicting questions of fact and inferences which must ultimately be left to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

4. APPEAL AND ERROR (§ 1091*)—DISPOSITION OF CASE ON APPEAL—PRESUMPTIONS.

The Appellate Division, awarding the judgment which should have been granted by the trial court, need not formulate findings of fact and conclusions of law; and it will be presumed, on an appeal to the Court of Appeals, that the Appellate Division has made every determination of fact warranted by the evidence in support of the judgment which it granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. § 1091.*]

5. APPEAL AND ERROR (§ 501*)—RECORD ON APPEAL—EXCEPTIONS OF RESPONDENT.

Since, under Code Civ. Proc. § 1022, as amended by Laws 1895, c. 946, and section 1317, as amended by Laws 1912, c. 380, the Appellate Division has power to render the judgment which the trial court should have granted, the record on appeal should contain the exceptions of the respondent, so that the Appellate Division may give final judgment without a new trial; and the insertion of respondent's exceptions is not prohibited, though Code Civ. Proc. § 997, and General Rules of Practice, rules 31, 32, only expressly require that the appellant's exceptions shall be inserted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

Appeal from Special Term, New York County.

Action by Ellen S. Bonnette, as executrix of Margaret Scone, deceased, against Joseph A. Molloy. From a judgment for plaintiff, defendant appeals. Reversed, and judgment entered for defendant.

See, also, 139 App. Div. 902, 123 N. Y. Supp. 1107.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James F. Fogerty, of New York City, for appellant.

Robert L. Luce, of New York City (Karl S. Deitz, of New York City, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J.　The action was originally against the New York Savings Bank to recover a balance on deposit in an account opened on the 8th day of July, 1903, by the plaintiff's intestate and the defendant, to the credit of which the sum of $2,200, moneys evidently belonging to her, was then deposited.　The bank interpleaded the defendant.　The account is in the following form:

"New York Savings Bank in Acct. Joseph A. Molloy or Margaret Scone, payable to either and to the survivor."

At the time of opening the account, the decedent and the defendant both signed the usual bank signature book, agreeing to be bound by the rules, regulations, and by-laws of the bank.　One of the by-laws, quoted in the bank book at the time, provided in part as follows:

"This bank book is a voucher between the depositor and the bank, but subject to all equities that may arise between the parties, and shall be evidence between the bank and the depositor holding the same of the terms upon which the deposits therein acknowledged are made."

At that time section 113 of the Banking Law (chapter 689, Laws of 1892, now section 143 of chapter 2 of the Consolidated Laws) provided that the bank book issued by savings banks to depositors should be the—

"evidence between the corporation and the depositors holding the same of the terms upon which the deposits therein acknowledged are made."

The bank book has been in the possession of the defendant since the account was opened and he drew on the account from time to time, but the decedent drew nothing from the account.　By virtue of the provisions of section 144 of the Banking Law (chapter 2 of the Consolidated Laws), it is declared that moneys so deposited shall become the property of the individuals named—

"as joint tenants, and the same together with all interest thereon shall be held for the exclusive use of the persons named, and may be paid to either during the lifetime of both, or to the survivors after the death of one of them."

The provisions quoted have been added to the Banking Law since this account was opened.

[1] If the moneys had been deposited after the enactment of this statutory provision, there could be no question but that the defendant would be entitled to the fund.　There is no evidence, other than that which I have stated, bearing upon the intention of the parties at the time the account was opened or thereafter with respect to the ownership of this fund.　There is a dictum in Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543, to the effect that such evidence alone is insufficient to establish the intention of the person making the deposit "to create a trust in behalf of another, or to give to such another joint interest in or ownership of the deposit"; and there is a like dictum in Flynn v. White, 122 App. Div. 780, 107 N. Y. Supp. 860.　But in both of those cases there was other evidence indicating the intention of the person whose money was deposited to the credit of the account, and the decisions were based on such evidence.　I do not, therefore, feel bound by those

expressions of opinion, for it seems to me quite clear that the bank would have been warranted in paying this fund to the survivor, and that they intended to hold it as joint tenants, the survivor to take the whole.

By the order of interpleader this became a suit in equity to determine the ownership of the fund, and it was tried before the court, and the judgment was entered pursuant to a decision. There is no conflict in the evidence, but we differ with the learned trial court with respect to the inferences to be drawn therefrom. The court found that the account, to the credit of which this fund stood at the time Margaret Scone died, was opened by *her*. The records of the bank show that at the time the account was opened said decedent and the defendant, Molloy, signed the usual cards on opening an account, and an employé of the bank testified, without objection, that this showed that the decedent and the defendant, Molloy, were at the bank at the same time to open this account, which, I think, establishes the fact that the account was opened by both of them, although she furnished the money. The trial court also found that the decedent did not intend to give the money to the defendant; but I am of opinion that the preponderance of the evidence shows that she intended to make him a joint owner of the account with herself, as already stated. The record does not show that it contains the exceptions, if any, taken by the respondent on the trial; but the nature of the evidence is such that it is not probable that any material competent evidence was excluded. I am of opinion, therefore, that it is a proper case in which to grant final judgment on the appeal, without awarding a new trial, although this involves the reversal of some of the findings, and the final judgment will be predicated, in some respects, on our view of the facts, which is not in some respects in accord with those of the trial court.

[2] Prior to the enactment of the Code of Civil Procedure in 1848, it was the established practice on appeals from the Vice Chancellor to the Chancellor in *equity causes* for the appellate court, without awarding a new trial or sending the cause back to the trial court, to grant the final judgment which, in the opinion of the appellate court, on the facts and the law, should have been granted originally. Benedict v. Arnoux, 154 N. Y. 715, 725, 49 N. E. 326, and cases cited; Bank of Orange v. Fink, 7 Paige, 87. See, also, Barbour's Chancery Pr. (2d Revised Ed.) vol. 1, p. 395. Prior to 1848, the review in actions at law was by *writ of error,* and the reviewing court was only authorized to *affirm or reverse* the judgment brought before it for review by the writ, *and grant a new trial;* but after the creation of the Supreme Court, which by the Constitution of 1848 was vested with all the powers formerly exercised by Courts of Chancery and the law courts, the rule formerly applicable to actions at law was applied to actions both at law and in equity, and, accordingly, it has ever since been the settled rule that the General Term of the Supreme Court, and its successor, the Appellate Division, *have been regarded merely as courts of review,* and, therefore, the determination of questions of fact in equity causes, as well as in actions at law,

has been left to the court of original jurisdiction.  Benedict v. Arnoux, supra, and cases cited.

The Legislature, by an amendment to section 1022 of the Code of Civil Procedure (chapter 946 of the Laws of 1895), attempted, I think, to confer further power on the Appellate Division by providing that:

"The Appellate Division shall review all questions of fact and of law, and may either modify or affirm the judgment or order appealed from, award a new trial or grant to either party the judgment which the facts warrant."

But the Court of Appeals, in Benedict v. Arnoux, supra, decided that the section as thus amended should be construed in harmony with section 1317, and declined to construe said amendment as authorizing the final determination of questions of fact by the Appellate Division, even in equity causes.  With reference to the authority conferred upon the Appellate Division to award final judgment, the Court of Appeals said:

"The court may grant the judgment which the facts warrant.  This has reference to facts conceded, uncontroverted, established by records or found by the trial court.  It was never intended to include controverted facts, upon which issue had been joined, and on which parties were entitled to a trial by a jury.  We are aware that this is an action in equity; but actions at law and in equity under the Code are no longer distinguishable as such, and the practice on review in such actions is the same.  This question was settled in the case of Schenck v. Dart [22 N. Y. 420], to which reference has been made, and since that decision has been the settled doctrine of this court."

The Legislature of 1912 made another attempt to enlarge the authority of the Appellate Division.  By chapter 380 of the Laws of 1912, which took effect on the 1st day of September, 1912, said section 1317 of the Code of Civil Procedure was amended so as to read as follows:

"Upon an appeal from a judgment or an order, the Appellate Division of the Supreme Court, or Appellate Term, to which the appeal is taken, may reverse or affirm wholly or partly, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate order, which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties.  It shall thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon, according to law, except where it may be proper or necessary to grant a new trial or hearing, when it may grant a new trial or hearing.  When a trial has been before a jury, the judgment of the appellate court must be rendered either upon special findings of the jury or the general verdict, or upon a motion to dismiss the complaint or to direct a verdict.  A judgment, affirming wholly or partly a judgment, from which an appeal has been taken, shall not, expressly and in terms, award to the respondent, a sum of money, or other relief, which was awarded to him by the judgment so affirmed.  After hearing the appeal, the court must give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

The second, third, and last sentences in this section as amended are new.  Before the amendment of 1912, the first sentence was the same as it is now, excepting that, after the last word of the sentence as it now appears, there was a comma, followed by a provision as follows: "And it may, if necessary or proper, grant a new trial or hearing"

—which has been eliminated and in substance incorporated in the next sentence. I am of opinion that the Appellate Division has now been vested with authority to grant the final judgment which in its opinion should have been granted by the trial court, not only in all equity causes, but in all actions tried before the court without a jury, and in jury causes as well, where the evidence was insufficient to require the submission of the case to the jury, and the question has been duly presented by a motion for the dismissal of the complaint, provided, however, that all material competent evidence offered by the respondent has been received.

[3] I do not understand that the Court of Appeals intended by the decision in Benedict v. Arnoux to hold that there was any constitutional objection to the Legislature conferring such original jurisdiction on the appellate court; but, if it did, its attention does not appear to have been drawn to section 2 of article 6 of the Constitution as amended in 1905, which expressly provides as follows:

"From and after the last day of December, 1895, the Appellate Division shall have the jurisdiction now exercised by the Supreme Court at its General Terms, and by the General Terms of the Court of Common Pleas for the City and County of New York, the Superior Court of the City of New York, the Superior Court of Buffalo and the City of Brooklyn, and such additional jurisdiction as may be conferred by the Legislature."

This authority vested in the Legislature by the people to confer additional jurisdiction on the Appellate Division is not expressly confined *to authority to review and affirm or reverse;* and I am of opinion that it was entirely competent for the Legislature to confer upon the Appellate Division authority to grant the judgment that should have been granted by the trial court, excepting, of course, in jury cases, where the constitutional right to trial by jury exists, and the right to the judgment depends upon conflicting questions of fact and inferences, which must, in such cases, ultimately be left to the jury. In my opinion, the public interests require that this construction should be given to this section of the Code of Civil Procedure as thus amended, for it tends to expedite the final decision, and to minimize the cost of litigation, and to prevent congestion of the trial calendars, and at the same time affords every litigant an opportunity of fully presenting his case originally. It is the practice in the federal courts, and generally in courts separately vested with jurisdiction in equity. Diffenderffer v. Winder, 3 Gill & J. (Md.) 311.

There appears to be no good reason why, if an appellate court is to review the facts at all, it should not be empowered to determine them, instead of merely disagreeing with the trial court, and sending the case back for determination anew by the trial court. By a prior amendment to section 1338 of the Code of Civil Procedure, which, however, took effect at the same time (chapter 361 of the Laws of 1912), the Legislature amended the section so as to provide that, upon an appeal to the Court of Appeals from a judgment reversing a judgment entered upon the report of a referee, or upon the verdict of a jury, or a decision or determination of a trial court, or—

"from an order granting a new trial, upon such a reversal, it must be conclusively presumed that the judgment was not reversed, or the new trial

granted, upon a question of fact, unless the particular question or questions of fact upon which the reversal was made or the new trial was granted are specified and referred to by number or other adequate designation in the body of the judgment or order appealed from."

In view of the provisions of this section, the order or judgment of this court in reversing the judgment for the plaintiff and granting judgment for the defendant should specifically state that we reverse the sixth finding of fact, in so far as it finds that the account therein described was opened by Margaret Scone *only,* and the eleventh finding in toto.

[4] The Legislature has not required that the Appellate Division formulate findings of fact and conclusions of law in awarding the judgment which in its opinion should have been granted by the trial court, and therefore, I assume, it will be presumed, on any appeal to the Court of Appeals from such a final judgment, that the Appellate Division has made every determination of fact warranted by the evidence in support of the judgment which it was granted, the same as we now presume a finding of fact by the trial court in support of a judgment, where such finding would be warranted by the evidence.

[5] In view of these amendments to the Code of Civil Procedure, and of the construction which we think should be given to them, it will be necessary to change the practice to some extent, and to have the record contain the exceptions of the respondent, to the end that the appellate court may, where it has jurisdiction so to do, and where it deems such disposition of the appeal proper, give final judgment without a new trial. The insertion of the respondent's exceptions is neither prohibited by the Code of Civil Procedure nor by the General Rules of Practice, although it is only expressly required that the appellant's exceptions shall be inserted (Code Civ. Pro. § 997; rules 31 and 32 of General Rules of Practice); but, in view of the limited authority heretofore conferred upon appellate courts, the insertion of the respondent's exceptions in the case has not ordinarily been allowed (Matter of Levy, 91 App. Div. 483, 86 N. Y. Supp. 862).

It follows, therefore, that the judgment should be reversed, with costs of the appeal to the defendant, and judgment entered for the defendant, with costs to be taxed. All concur.