(156 App. Div. 368.)

### PATTISON v. LIVINGSTON AMUSEMENT CO.

(Supreme Court, Appellate Division, Second Department. April 30, 1913.)

1. THEATERS AND SHOWS (§ 6*)—LIABILITY FOR INJURY TO PERSON ATTENDING —CONTRIBUTORY NEGLIGENCE.

    Plaintiff, who entered upon a platform at the rear of the balcony in defendant's theater, where it was so dark that she could not see certain steps, but who had been in the theater before and knew that there were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

steps from the platform down to the fifth row of seats, and who, without asking for assistance or waiting until there was more light, groped her way along, and fell and was injured, was guilty of contributory negligence as matter of law.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

2. APPEAL AND ERROR (§ 1175*)—DISPOSITION—RENDERING FINAL JUDGMENT.
 Under Code Civ. Proc. § 1317, providing that the Appellate Division may reverse, affirm, or modify the judgment appealed from, the court, on appeal by defendant from a judgment for plaintiff, where no competent evidence offered by plaintiff was excluded, and where the evidence for plaintiff did not require submission to the jury, which question was duly presented by motion to dismiss the complaint, should reverse, and render final judgment for defendant, dismissing the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Julia A. Pattison against the Livingston Amusement Company. From a judgment of the Supreme Court in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and final judgment granted to defendant, dismissing the complaint.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and STAPLETON, JJ.

James I. Cuff, of New York City, for appellant.
Edward J. Flanagan, of Brooklyn, for respondent.

PER CURIAM. [1] Plaintiff has failed to show herself to be free from negligence contributing to her injury. She testified that, when she entered upon the platform at the rear of the balcony in defendant's theater, it was "dark," "very dark," so dark that she could not see any steps. The seats which she had purchased were in the fifth row from the front. There was a sharp conflict of evidence upon the question of the absence of light; but, as she has persuaded the jury to accept her testimony as true, she in turn must accept the consequences thereof. She had been in the theater before, and she knew that there were steps leading down from the platform to the said fifth row of seats. Notwithstanding this knowledge, and notwithstanding this darkness, to use her own words, she groped her way along. She neither asked for assistance to find her way, nor waited, as there was abundant time for her to do, until more lights had been turned on. Missing her footing at the top of the steps, she fell and was injured. Within the authorities she was guilty of contributory negligence as matter of law, and the motion for a nonsuit should have been granted. Rohrbacher v. Gillig, 203 N. Y. 413, 96 N. E. 733; Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420; Piper v. New York Central & H. R. R. R. Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] There is no contention that any competent evidence offered on the part of plaintiff was not received, and since the evidence was insufficient to require the submission of the case to the jury, and this question was duly presented by a motion for the dismissal of the complaint, the judgment and order appealed from should be reversed,. and final judgment granted to defendant, dismissing the complaint. Code of Civil Procedure, § 1317; Bonnette v. Molloy, 153 App. Div.. 73, 138 N. Y. Supp. 67.

HIRSCHBERG, J., dissents.

