(173 App. Div. 238)

## GRUBEL v. RITCHIE et al.

(Supreme Court, Appellate Division, First Department.    June 2, 1916.)

APPEAL AND ERROR �köö1175(7)—DISPOSITION OF CASE ON APPEAL—INCONSISTENT FINDINGS.

    The Appellate Division is no longer required to grant new trials in causes tried before the court on account of inconsistent findings, but may reverse or modify the findings according to the evidence as viewed by the members of the appellate court.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4581; Dec. Dig. ⊙ööök1175(7).]

Appeal from Trial Term, New York County.

Action by Jacob L. Grubel, as trustee in bankruptcy of Israel L. Currier, against John W. Ritchie and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Abraham Aronstein, of New York City, for appellant.
Edwin J. Dryer, of New York City, for respondents.

LAUGHLIN, J.   This is an action by the trustee in bankruptcy of Israel L. Currier, to have it adjudged that the defendant John W. Ritchie received a certain mortgage for $12,500 as the agent and trustee of the bankrupt, and that he holds the premises No. 213 West 140th street, borough of Manhattan, New York, which were conveyed to him for said mortgage, as agent and trustee of the bankrupt, upon the theory that said mortgage was transferred to him with intent to hinder, delay, and defraud the creditors of the bankrupt, and to have it adjudged that a transfer or payment of the sum of $660 and the transfer of certain office furniture of the value of $58 by the bankrupt to Ritchie were null and void, on the theory that they were made with intent to hinder, delay, and defraud the creditors of the bankrupt, and to have the defendant John W. Ritchie account for the rents and profits of said real estate, and to have the real estate sold, and for judgment for the amount of said payment and the value of said office furniture.

We have examined the evidence in the light of the arguments of counsel, and are satisfied that it fails to show that the transfers of the property by the bankrupt to Ritchie were made with intent to hinder, delay, or defraud the creditors of the bankrupt, or without adequate consideration.   The findings of the learned trial court with respect to absence of fraud in the transactions and adequacy of consideration are fairly sustained by the evidence.   We have also considered the errors assigned, and find none requiring a reversal, and only one which merits discussion in an opinion.   The court made apparently inconsistent findings with respect to one material fact.   The uncontroverted evidence showed that prior to the fall of 1912 the bankrupt owned a certain bond and mortgage for $10,000, executed by the Eastern Land Company on real estate in New Jersey on the 6th day of August, 1910.   By the sixth finding in the decision, the court found that in the fall of that year the bankrupt for a good and valuable consideration assigned that mortgage to the defendant John W. Ritchie, and that title thereto passed to said Ritchie free and clear of all right, title, and interest of the assignor; but by the sixth finding, made at the request of the plaintiff, the court found that "prior to and on the 17th day of July, 1914," the bankrupt owned said mortgage.   The evidence showed that the exchange of said $10,000 mortgage with the Absecon Inlet Land Company for said mortgage for $12,500 was negotiated by the bankrupt as the agent of said Ritchie, and that the assignment of the mortgage to Ritchie, not having been recorded, it was determined, with a view to avoiding the expense of recording, to destroy it and to have a new assignment made by the bankrupt acting for Ritchie, and that was made on said 17th day of July, 1914.

The court, by the seventh finding in the decision, found that the said $10,000 mortgage was assigned by said Ritchie on said 17th day of July, 1914, to the Absecon Inlet Land Company in exchange for the mortgage for $12,500.   The said sixth finding made for the plaintiff is manifestly inconsistent with the sixth finding contained in the decision, and with the entire theory of the decision, and is against the weight and preponderance of the evidence.   It may be that the two findings could be reconciled on the theory that the one made at the

request of the plaintiff was intended merely as a finding that until the time therein stated the bankrupt was the *record* owner of the mortgage; but whether that is the theory on which it was made, or whether it was made through inadvertence, is immaterial, for this court is no longer required to grant new trials in causes tried before the court on account of inconsistent findings, but may reverse or modify the findings according to the evidence as viewed by the members of the appellate court. C. C. P., § 1317; Bonnette v. Molloy, 153 App. Div. 73, 138 N. Y. Supp. 67; Id., 209 N. Y. 167, 102 N. E. 559; Lamport v. Smedley, 213 N. Y. 82, 106 N. E. 922; Acme Realty Co. v. Schinasi, 215 N. Y. 495, 109 N. E. 577, L. R. A. 1916A, 1176; Rives v. Bartlett, 215 N. Y. 33, 109 N. E. 83.

It follows, therefore, that the sixth finding contained in the plaintiff's proposed findings of fact should be reversed, and the judgment affirmed, with costs. Order filed. All concur.