entered May 17, 1923, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term. The action was brought to establish a claim to real property and to establish the boundary line between property of plaintiff and defendants, adjoining owners, on the southerly side of Winslow avenue between Fillmore avenue and Humboldt parkway in the city of Buffalo. The dispute was as to the ownership of two and two-thirds feet of land between the lots of the respective parties.

*Ralph K. Robertson, Martin Clark* and *Frank C. Westphal* for appellants.

*Lester Beitz* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Gertrude Foran, Appellant, *v.* Buffalo Palace Corporation, Respondent.

*Negligence — theatres — injury to one leaving theatre in dark by falling from platform, on which seat rested, into aisle.*

*Foran* v. *Buffalo Palace Corpn.*, 202 App. Div. 784, affirmed.

(Submitted January 17, 1924; decided February 26, 1924.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 9, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant. Plaintiff, while leaving defendant's motion picture theatre, which at the time was dark, fell into the aisle which was five or six inches lower than the platform on which her seat rested. The trial court held that plaintiff had failed to prove negligence on the part of defendant or her own freedom from contributory negligence.

*John J. Brown* for appellant.

*Walter C. Newcomb* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

EDWARD BURBACH, Appellant, *v.* MARY SINRAM et al., Respondents.

*Contract — lease — option to purchase — specific performance — action to compel specific performance of option contained in lease.*

Burbach v. Sinram, 206 App. Div. 773, affirmed.
(Submitted January 17, 1924; decided February 26, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 27, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. This action was brought to enforce specific performance of a covenant of option contained in a lease reading as follows: " It is further covenanted and agreed that any time during the term of the lease or the renewal thereof, the party of the second part shall have the first option to purchase the said premises at the price of Sixteen Thousand ($16,000.00) Dollars and the parties of the first part will not sell or convey said premises without first giving the party of the second part at least sixty days written notice of their intention to sell or convey in order that he may exercise the said option to purchase the same." The plaintiff contended that he possessed an absolute option to purchase the premises at any time during the term of the lease or the renewal thereof at the agreed price of $16,000. On the other hand, the defendants contended that to get the true intention of the parties at the time of the execution of the option clause, one must read in the words " parties of the first part desire to sell."

*Morrell Schwimer* for appellant.
*Frederick W. Ritter* for respondents.