WALTER L. W. DARNELL, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.— Judgment reversed upon the law and the facts, with costs, complaint dismissed, with costs, and appeal from order denying motion for a new trial dismissed, on authority of *Darnell* v. *Long Island Railroad Co.* (*ante*, p. 751), decided herewith. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

IGNAZIO DARRIGO, an Infant, by SALVATORE DARRIGO, His Guardian ad Litem, Respondent, v. COMMONWEALTH FUEL COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

SALVATORE DARRIGO, Respondent, v. COMMONWEALTH FUEL COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

MELVA DECKER, Respondent, v. THE BROOKLYN STRAND THEATRE CORPORATION, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. We are of opinion that it affirmatively appears from the proof that plaintiff was guilty of contributory negligence as matter of law. (*Pattison* v. *Livingston Amusement Co.*, 156 App. Div. 368.) Rich, Kapper, Lazansky and Hagarty, JJ., concur; Young, J., dissents, with the following memorandum: Whether or not the plaintiff was guilty of negligence contributing to the injury was a question of fact for the jury. In the circumstances presented she, unacquainted with her surroundings, had the right to assume that the way was safe, and she was not under obligation, as matter of law, to look before she put her foot down. (See *Boyce* v. *Manhattan Railway Co.*, 118 N. Y. 314, 319.) In the *Pattison* case plaintiff knew of the conditions. She had been in the theatre before.

ROBERT DICKIE, Respondent, v. WILLIAM KOBRANSKY and JOSEPH KOBRANSKY, Copartners, etc., Appellants.— Judgment affirmed, with costs. No opinion. Young, Lazansky, Hagarty and Carswell, JJ., concur; Seeger, J., dissents.

CHARLES FINEMAN and Others, Appellants, v. ELIZABETH CALLAHAN, Respondent.— Judgment reversed upon the law and the facts, and new trial granted, costs to appellants to abide the event. Findings of fact " third," " fifth," " sixth '" and " eighth " and all the conclusions of law are reversed. We are of opinion that the proof was sufficient to justify the finding of the trial court that plaintiffs had waived the question of inability to procure a title company policy. Nevertheless, if the encroachments shown to be against the property, beyond those mentioned in the contract which it was agreed that the plaintiffs should take the property subject to, were of a substantial nature, the plaintiffs were justified in refusing to take title. Encroachments were shown to exist, and, with such proof, plaintiffs were entitled to judgment unless the defendant was able, upon the trial, to show that they were trivial and did not affect the marketability of the title. The defendant sought to make this proof, but the court excluded it. Young, Rich, Kapper, Hagarty and Seeger, JJ., concur.

HENRIETTA R. GASTEIGER, Appellant, v. JOHN G. GASTEIGER, Respondent. (Appeal No. 1.) — Order denying application for additional allowance of counsel fee affirmed, without costs. No opinion. Young, Kapper, Lazansky, Hagarty and Carswell, JJ., concur.

HENRIETTA R. GASTEIGER, Appellant, Respondent, v. JOHN G. GASTEIGER,