CELIA SCHWARTZ, Plaintiff, *v.* INTERNATIONAL VAUDEVILLE COMPANY, Defendant.

City Court of New York, Bronx County, February 21, 1934.

*John J. Tullman*, for the plaintiff.

*Michael A. Hayes*, for the defendant.

DONNELLY, J. After the plaintiff purchased a ticket of admission, she walked into the defendant's theatre and was told by one of the defendant's ushers, " Better seats upstairs in the balcony." She then went to the first balcony, and, as she was walking down the steps thereof, she fell and was injured. These steps were alternately wide and narrow. She testified, " It was dark," and

that, as she proceeded down the steps, she held on with her right hand to the back of the seat at the end of each row of seats. She also testified: " Q. Were you able to see whether the step you were coming to was a narrow step or wide step? A. It was a wide step. Q. Were you able to see that? A. I held on, and I looked down and naturally I seen it."

If the usher's statement to plaintiff, " Better seats upstairs in the balcony," may be taken as a direction, the fact that the steps in the balcony were alternately wide and narrow does not alone make the steps inherently dangerous. Such a passageway to a seat in the balcony might conceivably be a menace, if it were not properly lighted. It is true that the plaintiff described the balcony as dark, but she also testified that, as she went down the steps, she could and did see them. Her testimony is: " So when I went down, I held on with my right hand to the stairway, and, as I went down, it was a wide step, narrow step, wide step."

Assuming that the plaintiff's way down the steps was dark, she was guilty of contributory negligence as a matter of law in proceeding down the steps if it was so dark that she could not do so with safety. (*Decker* v. *Brooklyn Strand Theatre Co.*, 222 App. Div. 752; affd., 249 N. Y. 580, citing *Pattison* v. *Livingston Amusement Co.*, 156 App. Div. 368.)

In *Rabinowitz* v. *Evergreen Amusement Corp.* (137 Misc. 387) it appears that plaintiff entered defendant's theatre and was told by an usher in the orchestra to go to the balcony. There were no ushers in the balcony and there was no light there. Plaintiff fell while walking down the steps of the balcony in attempting to find a seat. The step on which she fell was deeper than the other steps. On appeal from the judgment in defendant's favor the Appellate Term held: " Plaintiff was free from contributory negligence, having been directed by defendant's usher to proceed to the balcony for a seat, and there was a question for the jury to determine whether the construction of the steps created a dangerous condition which imposed upon defendant the duty of safeguarding them. Judgment reversed and new trial ordered." CALLAHAN, J., dissented, citing *Decker* v. *Brooklyn Strand Theatre Corp.* (*supra*).

There are two features which distinguish the instant case from *Rabinowitz* v. *Evergreen Amusement Corp.* (*supra*): (1) The plaintiff was merely informed that there were better seats in the balcony. The plaintiff was free to accept or to reject the information. Having elected to act upon it, she cannot be said to have taken a direction which it was the duty of the usher to couple with a warning that if she went to the balcony, she would be proceeding to a position of danger. Her own testimony refutes the existence of any danger,

either because of the lack of light or the character of the construction of the steps. In an action to recover for injuries suffered when the plaintiff fell on the stairs, it was held that negligence was not shown by proof that there was no overlapping of steps, in the absence of proof of improper construction, or prior accident in the use of the stairs during a period of many years. (*Reilly* v. *Board of Education*, 205 App. Div. 431.) In the case just cited it was claimed that because of the construction of the steps, there was greater chance of one's heel being caught in descending the stairs than there would have been had the upper tread overlapped the tread directly below. (2) According to plaintiff's own testimony, there was light enough to enable her to see the steps and to note that they were alternately wide and narrow.

Upon these facts, no negligence upon the part of defendant was established.

The defendant's motions to set aside the verdict and to dismiss the complaint are granted, with an exception in each instance to plaintiff. Ten days' stay and thirty days to make and serve a case.