ROSE RIEHL and ROBERT RIEHL, Plaintiffs, *v.* WEST FARMS-
TREMONT CORPORATION, Defendant.

City Court of New York, Trial Term, Bronx County, June 16, 1936.

*Abraham L. Lazarus,* for the motion.

*Walter E. Mathews,* opposed.

DONNELLY, J.   There are cases in which it has been held that the patron of a theatre or other place of public entertainment to which an admission fee is charged, is guilty of contributory negligence as a matter of law in proceeding about the place when it is so dark that it could not be done with safety.   (*Schwartz* v. *International Vaudeville Co.,* 150 Misc. 582; affd. without opinion by Appellate Term in this department, N. Y. L. J. June 27, 1934, p. 3115; *Foran* v. *Buffalo Palace Corp.,* 237 N. Y. 599; *Pattison* v. *Livingston Amusement Co.,* 156 App. Div. 368.)

In *Foran* v. *Buffalo Palace Corp.* (*supra*) and in *Pattison* v. *Livingston Amusement Co.* (*supra*) no other cause of the accident is mentioned than the absence of artificial light.   In the *Schwartz* case there was, in addition to the element of darkness, the fact that the steps on which plaintiff was walking were alternately wide and narrow.   This construction of the steps was not shown to be inherently dangerous,

At bar there was evidence on behalf of plaintiffs to show not only that the place where the plaintiff Rose Riehl fell was dark; there was also testimony which, if true, is susceptible of the inference that she was caused to trip and fall because her foot was caught in a rent or tear in the carpet covering.

*Weingard* v. *Putnam Theatrical Corp.* (225 App. Div. 808) is cited by defendant's counsel as authority for the proposition that notice of a defective condition must be proved, before the plaintiff can recover. That case was decided in January, 1929. In *Blythe* v. *Skouras Theatre Corp.* the Appellate Term in the Second Department decided (N. Y. L. J. June 2, 1934, p. 2687): " Defendant maintaining a theatre for the use of the public and its own gain, impliedly warrants the premises are safe for the purpose for which they are designed. Defendant owed plaintiff, a patron, the duty of exercising care in making the premises safe. (*Schnizer* v. *Phillips*, 108 App. Div. 17; *Lusk* v. *Peck*, 132 id. 426.) If the accident was caused by a defective and dangerous condition of the rubber mat furnished by defendant, plaintiff established a *prima facie* case and was not obligated to prove that defendant had actual or constructive notice of the condition. (*Birmingham* v. *Werba's Theatre*, Jan. 1928, term, and cases cited.) "

My attention has not been directed to nor have I been able to find any authority in this department which goes so far as the rule announced in the *Weingard Case (supra)*. In *Lusk* v. *Peck* (132 App. Div, 426, 430, 431; affd., 199 N. Y. 546; cited in *Blythe* v. *Skouras, supra*) the court said: " The owner of a place of entertainment is charged with an affirmative positive obligation to know that the premises are safe for the public use. He may not be exonerated merely because he had no precise knowledge of the defective condition of the place to which he has invited the public. When they accept his invitation and pay the prescribed admission fee they have a right to assume he has furnished a safe place for them to witness the performance."

Plaintiffs' motion to vacate the dismissal is granted; exception to defendant. Ten days' stay and thirty days to make and serve case.