### FERGESON v. NATIONAL BANK OF COMMERCE.

#### No. 11563.

Court of Civil Appeals of Texas. Galveston. Oct. 20, 1943.

Chas. B. Spiner, of Houston, for appellant.

Chilton Bryan, of Houston (Bryan & Bryan, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment below against the appellant and in favor of appellee, wherein, to use its own recitations, "the court, while in the course of preparing the charge to the jury on or about the 10th day of May, A.D.1943, on his own motion, took the case away from the jury and discharged the jury and found the law, evidence, and the facts in favor of the defendant, The National Bank of Commerce, and based thereon, rendered judg-

ment in favor of said defendant, The National Bank of Commerce, relieving it of all liability of every kind or character to plaintiff herein, Mrs. Ruth Fergeson, a feme sole, by the reason of her alleged fall and alleged resulting injuries on or about the 9th day of April, A.D.1942."

On appeal Mrs. Fergeson earnestly contends that her pleadings and proof showed that on the date indicated when she, a woman employee of a tenant in the appellee's Gulf office building in Houston, in pursuit of her daily work was proceeding down a stairway therein, leading from the mezzanine floor to the main lobby, her foot slipped upon a slick metal-edge across one of its steps, causing her to fall and land on her back on a split-landing, where the stairs turned just before reaching the main ground floor, and that she sustained serious injuries.

She freely admits herself to have been only an invitee in the building at the time—she being an employee of Mr. Tint, the owner of the Met-Lo Hat Shop, which was located on such mezzanine floor therein. She was also an adult, who, for eight years, had been going up and down those same steps, watching their wear and tear and effect on people using them; she stated she knew the riser-plates, or metal-edges, were getting shiny, and that the light over the radial section of the stairs was out, and that such section of the stairway was a little darker than usual.

She further testified, in substance, to these outstanding features, to-wit: That on the morning of April 9, 1942, she went into the door in the east-side lobby of the Gulf Building, and started up the mezzanine stairs to Mr. Tint's office; as she started into the stairway she noticed that the light globe in the light over the radial section of the stairway, half way up it, was out, and that the stairway was a little darker than usual; that nevertheless she then proceeded on up such stairs in complete safety, and to the office of her employer, Mr. Tint, on the mezzanine floor; that after she had so arrived at her employer's office on the morning in question, she transacted the business at hand, staying there some twenty to thirty minutes, came out her employer's door, and proceeded on back down the same stairs; when she started back down the stairs from his office, the conditions were the same in the stairway, as well as in connection with the light of the stairway, as when she had gone up the stairs; that at the time she thus came back down the stairway, though she realized the light in question was out and the lighting conditions in the stairwell and over the stairsteps remained the same as when she walked up, she did not use the bannister or handrail on the stairs in going down; in this connection, she conceded also that, had she used the handrail, she could have steadied herself and could have made the stairs and steps and the radial turn thereof with safety, admitting that she had had no trouble in seeing the steps where she was stepping at the time she started down again. During this trial she admitted that she is still using the same steps at this time, and is getting over them safely and satisfactorily, and further that, after her sued-upon fall, and after she had been taken to her employer's office for a rest, she had come back down the same steps—under the same lighting conditions—safely, by holding on to the handrail or bannister thereof.

There is no doubt—indeed, appellant herself so insists—that in her situation the well-settled rule of law is that appellee's only legal duty to her as such an invitee was to use reasonable care to keep its stairs and lights in a reasonably safe condition for her use in traversing the same on the occasion in question, and that in no sense was it an insurer of her safety in so doing. 45 C.J. pp. 837 and 868; 20 R.C.L. pp. 56 and 57.

She then predicates this appeal upon the equally well-settled rule that the court, as was done in this instance, should not direct a verdict for a defendant, "if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found for the plaintiff." 41 Tex.Jur. p. 949.

Her controlling points for a reversal are to the effect that she raised issues of fact over these two questions, that is: whether the appellee was negligent toward her, (1) in having maintained the metal-edge or riser-plate on the step from which she fell in a slippery and dangerous condition from long years of wear, and (2) in having allowed the electric globe just above the place she fell, which was one of three over the entire stairway, to be unlit at that time.

It may be conceded that appellant's pleading stated a good cause of action as for the negligence she charged against the appellee in the two respects so detailed; but, after painstaking examination of the statement of facts, this court is unable to hold that in the proof thereof she raised any question of fact that should have been submitted to the jury. On the contrary, it concludes that her own testimony, which was very freely and frankly presented—raised no more than—if as much as—a mere surmise or suspicion that the appellee may have been negligent toward her in any one of the particulars she so relied upon.

Wherefore, this court is compelled to apply here the time-honored rule of law, which has become known as "the scintilla doctrine", as promulgated by our Supreme Court in Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059 to a state of facts not in legal effect different from those obtaining in that cause.

■ As indicated, the appellant, an experienced adult woman, had long lived under the precise conditions with which she came in contact at the time of her fall and injury upon the stairway; she admitted not only that she had known all about them throughout the eight years of her service for her employer in that building prior to her injury, having, by her own statement, traveled over such stairs during that long period approximately a thousand times, hence knew all about both the metal-edges and their gradually becoming somewhat slicker all the time, as well as the three lights on the stairway and the fact that some of them sometimes were not all on together; adding that, immediately before her accident on this day, she had not only gone up and down the same place without injury, but subsequent to this accident had continued successfully doing the same thing up until the trial of this cause.

It would serve no useful purpose to here detail her testimony to the effect stated, nor even undertake a substantial resume of it; because it is so clearly, upon the whole, of the character indicated that in this court's opinion she was conclusively shown not only to have assumed all the risks she complained of as attending upon her going up and down such stairs—especially at the time of her fall thereon—but that she was likewise thereby shown to have been guilty of primary negligence on her own

part, as a matter of law, in not having exercised the requisite amount of care for her own safety, which the other facts she adduced indisputably showed would have protected her from the accident she so complained of. Under the facts stated, these authorities support the conclusion that she was thus barred from any recovery against the appellee, as for claimed negligence: Marshall v. San Jacinto Bldg., Tex.Civ. App., 67 S.W.2d 372, writ of error refused; Hausman Packing Co. v. Badwey, Tex.Civ. App., 147 S.W.2d 856; Beeville Cotton Oil Co. v. Sells, Tex.Civ.App., 84 S.W.2d 575; Shawver v. American Ry. Exp. Co., Tex.Civ.App., 236 S.W. 800, writ of error refused; Schawe v. Leyendecker, Tex.Civ. App., 269 S.W. 864; United Gas Corp. v. Crawford, Tex.Sup., 172 S.W.2d 297; Loew's Nashville & Knoxville Corp. v. Durrett, 18 Tenn.App. 489, 79 S.W.2d 598; Pattison v. Livingston Amusement Co., 156 App.Div. 368, 141 N.Y.S. 588; Smith v. Dallas R. Co., Tex.Civ.App., 8 S.W.2d 548; Hoffer v. Eastland Nat. Bank, Tex.Civ. App., 169 S.W.2d 275, Point 7; Hamblen v. Mohr, Tex.Civ.App., 171 S.W.2d 168, Points 7 and 8.

Under the authorities cited, the appellant, of course, being a mere invitee on its premises, and an experienced adult familiar for long years with the actual conditions there, had no right of action as such against the appellee, except upon the establishment of some negligence upon its part toward her as such an invitee.

Wherefore, when her own proof—consisting not alone of her indicated personal testimony but of that of others likewise familiar with the conditions at the building—showed that the condition of the stairway and the lights above it were not inherently dangerous, and were not hidden, but were open, visible to, and being used by the appellant herself and all others similarly situated at all times without injury, and that the actual conditions she complained of as constituting negligent acts toward her at that particular time had long been so open and obvious and well known to her, and that she had never, not even on the day of the injury, made a complaint to the appellee about them, it must follow, under the well-settled rule the cited authorities reflect, that her injury must have been due to the failure upon her own part to use ordinary care, such as holding on to the stairway rails, or stopping and notify-

ing the appellee of any claimed inadequacy of lights along the way, rather than to any actionable negligence upon its part.

The rule as to an invitee, cited supra, appears to have been relaxed by our courts somewhat where the invitees are young children of immature age and judgment, Weingarten v. Carlisle, Tex.Civ.App., 172 S.W.2d 170, writ of error refused for want of merit; but, so far as this court is advised, it has been applied without exception to an experienced adult in possession of all her faculties, to the effect that she is in duty bound to use ordinary care for her own safety in circumstances which are open, obvious, and thoroughly well known to her.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.