In an action by plaintiff wife to recover damages for personal injuries, allegedly suffered as the result of a fall in defendant’s theatre, and by her husband for expenses and loss of services, judgment in favor of plaintiffs and against defendant, entered upon the verdict of a jury, affirmed, with costs. No opinion. Carswell, Johnston and Sneed, JJ., concur; Nolan, P. J. dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum, in which Adel, J., concurs: The plaintiff wife testified that she purchased a ticket for a loge seat in defendant’s theatre and was directed up a stairway to the loge; that the stairway, which was well lighted, led to a passageway in rear of the loge seats; that the illumination there was “ very dim ”, and plaintiff could not see the carpet or the floor; that no usher was there at the time; that she proceeded some twenty or twenty- *1047 five feet beside a railing until she came to an aisle leading to the seats; that she waited there two or three seconds but still could not see the floor carpet, and that it was too dark to see a step if one was there; that she walked five or six steps down the aisle and suddenly fell. The evidence discloses that she fell on the first of a series of steps in the aisle, each of which was thirty inches wide from front to back, and which in our opinion were not shown to be defective or unusual in construction or location. In our opinion the plaintiff wife was guilty of contributory negligence as a matter of law in proceeding'under the condition of darkness which she herself described. (Decker v. Brooklyn Strand Theatre Corp., 222 App. Div. 752, affd. 249 N. Y. 580; Pattison v. Livingston Amusement Co., 156 App. Div. 368.)