34519.   HANSON *v.* ATLANTA LODGE NO. 78,
B. P. O. ELKS, INCORPORATED.

DECIDED APRIL 11, 1953—REHEARING DENIED MAY 2, 1953.

118

A. *Mims Wilkinson, Jr.,* for plaintiff in error.
*Arnold & Gambrell,* contra.

FELTON, J. ■ The plaintiff alleges that the defendant was negligent in maintaining for its members' use a narrow, steep stairway in a dimly lighted and slippery condition. The petition, properly construed, alleges that due to the general condition of the stairs at the time, the deceased lost his footing, fell, and sustained injuries causing his death. We will concern ourselves with only two elements of the general condition alleged, those being the dimness of the light and the slippery condition caused by the spilling of foods and beverages.

The defendant was under a duty to exercise ordinary care to keep its clubroom and the means of access thereto in a reasonably safe condition for use by its invitees. Code § 105-401; *Smith* v. *Jewell Cotton Mill Co.,* 29 *Ga. App.* 461 (2) (116 S. E. 17).

The defendant contends that the petition does not allege that it failed to exercise ordinary care, because "in the running of a dining room it is expected that particles of food may, during the course of a day's serving, be at some places on the floor." It is further contended that the petition fails to allege a cause of action, because it appears that the decedent by exercising ordinary care could have discovered the presence of the food and beverage on the floor of the stairway and the slippery condition caused thereby and avoided the fall. We do not agree with such contentions. This court cannot say as a matter of law that the defendant was not negligent in allowing food and beverage to remain on a dimly lighted stairway, when it is alleged that the defendant had actual notice of such and the slippery condition created thereby. Nor can this court say as a matter of law that the decedent failed to exercise ordinary care for his own safety,

as the petition does not show that the food and beverage on the stairway and the slippery condition caused thereby were apparent to or discoverable by the decedent in the exercise of ordinary care. This case differs from those where the obstruction or alleged dangerous condition existed on a well-lighted floor or stairway. We cannot say from the allegations in the petition that, because the stairway was dimly lighted, this required such a close examination as would have revealed the slippery condition of the stairway. *Bohn* v. *Beasley*, 51 *Ga. App.* 341 (180 S. E. 656). Questions of negligence, contributory negligence, and proximate cause are ordinarily questions for a jury's determination, and such questions will be resolved in favor of the defendant on demurrer only in clear and indisputable cases. *S. C. Jones Co.* v. *Yawn*, 54 *Ga. App.* 826 (188 S. E. 603); *Larkin* v. *Andrews*, 27 *Ga. App.* 685 (1) (109 S. E. 518); *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759, 760 (3) (154 S. E. 718). And "while it is true that where a petition indisputably shows on its face that the plaintiff is not entitled to recover, and the question is made by general demurrer, it is the duty of the court to dismiss the action, still the application of this rule cannot properly be invoked except in cases so plain as will in no wise admit of a reasonable contrary interpretation." *Central of Georgia Ry. Co.* v. *Hartley*, 25 *Ga. App.* 110 (1) (103 S. E. 259).

In *Srochi* v. *Hightower*, 57 *Ga. App.* 322 (195 S. E. 323), *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81), and *Lee* v. *Malone*, 55 *Ga. App.* 821 (191 S. E. 494), the only negligence alleged was that the steps or stairs were not lighted, and the courts held that the darkness caused by the absence of the lights was obvious to the plaintiffs, and that their use of the steps and stairs with such knowledge precluded their recovery for injuries sustained by reason of such absence of lights. In *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275), the plaintiff was descending a marble stairway and became sick or dizzy, and because his feet slipped on the slick, smooth surface of the marble stairs, he fell over the stairway's balustrade. The negligence alleged was that the smooth, polished surface of the steps or treads, combined with the unsafe balustrade, rendered the stair steps unsafe and dangerous. The court there

said: "We are of the opinion that this court may take judicial notice of the fact that marble is a proper material from which to construct a stairway. It has the sanction of centuries of use for that and other architectural purposes. There is nothing in its texture that renders it inherently slick and, therefore, unsafe and dangerous; *and there is no suggestion in the petition in this case that any foreign substance was deposited upon the steps to render them slick and dangerous.*" (Emphasis supplied.) In *Avary* v. *Anderson*, 31 *Ga. App.* 402 (120 S. E. 683) the court held that the plaintiff, having notice of the general condition of the bathroom floor and the presence of much foreign matter thereon, could have by the exercise of ordinary care avoided slipping on a greasy spot on the floor. In *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369 (103 S. E. 433), it was not alleged that the hall was dimly or insufficiently lighted, and the effect of the court's ruling was that, in the absence of allegations showing why he could not see the mopping water on the floor, the plaintiff in the exercise of ordinary care could have discovered its presence there. The cases cited by the defendant in error where employees sued their employers for injuries sustained due to the employers' alleged negligence in failing to furnish the employees with safe places to work are not applicable here, as a different rule of law applies in such cases. Code § 66-303.

It is unnecessary to decide whether the defendant was negligent in placing the soft-drink bottle rack within three feet of the bottom of the stairway. To be liable for the consequences of his negligence, it is not necessary for a defendant to have foreseen the injury in the precise form in which it in fact resulted, or to have anticipated the particular consequence which did actually flow from his act, but it is sufficient that the act is one which the defendant should in the exercise of ordinary care have foreseen could probably result in harm or injury of some kind. Drum v. Miller, 135 N. C. 204 (47 S. E. 421).

■ The petition does not show a joint undertaking with mutual control in the operation of the club as between the decedent and the defendant such as would make them joint adventurers. *Atlanta &c. Casket Co.* v. *S. E. &c. Furn. Co.*, 82 *Ga. App.* 353, 358 (61 S. E. 2d 196).

The petition alleged a cause of action good as against general demurrer, and the court erred in sustaining a general demurrer thereto and in dismissing the action.

*Judgment reversed.* *Sutton, C.J., and Worrill, J., concur.*