36168, 36169. AMERICAN LEGION, DEPT. OF GEORGIA v. SIMONTON (two cases).

DECIDED JUNE 25, 1956—REHEARING DENIED JULY 12, 1956.

186

*Marshall, Greene & Neely,* for plaintiff in error.
*Arnold & Gambrell, W. H. Beck, Jr.,* contra.

NICHOLS, J. 1. The defendant, in support of its motions to dismiss, argues that Mrs. Marie Simonton occupied the position of a licensee and not an invitee, and that Code § 105-402, which would make it liable only for a wanton or wilful injury, applies to the present case and not Code § 105-401.

In order for Mrs. Marie Simonton to have occupied the position of an invitee on the defendant's premises at the time she received her alleged injuries there must have been some mutuality of interest in the subject to which her business related, although the particular thing which was the subject of the visit may not have been for the benefit of the defendant. See *Hall* v. *Capps,* 52 *Ga. App.* 150 (3) (182 S. E. 625), and cases cited. It was alleged that Mrs. Marie Simonton was a member of the American Legion Auxiliary, that she was on the defendant's premises attending a meeting of this organization which had been sponsored by the defendant, that the defendant expected its members and patrons to use the stairs being used by her when she received her alleged injuries. Therefore, since the defendant sponsored this meeting on its premises it cannot be said that the plaintiff did not occupy the position of an invitee on the defendant's premises when she allegedly received the injuries complained of. See *Macon Telegraph Publishing Co.* v. *Graden,* 79 *Ga. App.* 230 (53 S. E. 2d 371); and, *Hanson* v. *Atlanta Lodge No. 78 B. P. O. Elks, Inc.,* 88 *Ga. App.* 116 (76 S. E. 2d 77).

2. The allegations of the petitions show a breach of the duty owed to Mrs. Marie Simonton, and that she was not aware of this

breach of duty on the part of the defendant, and since the allegations of the petitions do not make it palpably clear that the alleged injuries to Mrs. Marie Simonton were the result of a failure on her part to exercise ordinary care for her own safety, the trial court did not err in overruling the motions to dismiss. See *Young Women's Christian Association* v. *Barnett,* 93 *Ga. App.* 322 (91 S. E. 2d 381).

*Judgments affirmed in both cases. Felton, C. J., and Quillian, J., concur.*