## 38467. COLONIAL STORES, INC. v. STANLEY.

DECIDED OCTOBER 10, 1960—REHEARING DENIED OCTOBER 26, 1960.

646

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Wilbur Branch King,* for plaintiff in error.

*Samuel Green, Jr.,* contra.

FELTON, Chief Judge. ■ The allegations contained in the petition set forth a cause of action against a general demurrer. "Under the facts here alleged, the jury could find that the carton in question was negligently placed so as to protrude into the aisle in such a manner as to threaten danger to customers whose attention was diverted from the floor by adjacent displays of merchandise. The court did not err in overruling the defendant's general demurrer to the amended petition." *Big Apple Super Market v. Briggs,* 102 Ga. App. 11, 15 (115 S. E. 2d 385).

The cases relied on by the defendant have been thoroughly reviewed. In *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390, 393 (28 S. E. 2d 322) it was stated that "there is no express allegation in the petition that the scales, or any part thereof, were concealed from the plaintiff's view." The instant petition is distinguishable in that it alleges that "said platform could not be seen from the spot where petitioner had stopped by the table." In *Delay v. Rich's, Inc.,* 86 Ga. App. 30 (70 S. E. 2d 546) the court pointed out that the petition did not allege that the footstool tripped over was not in use, and therefore it must

be construed that the footstool was in use. The court concluded therefrom that the plaintiff's allegations admitted that it was the custom to have footstools in the aisle. The logic of the *Delay* case does not apply here for it was alleged that an empty platform about four inches high extended into the aisle and that petitioner had no notice that it was sticking out into the aisle, etc. The question whether the plaintiff might have discovered the article in the aisle by the exercise of ordinary care must be determined in the light of the attendant circumstances. *Kitchens v. Davis,* 96 Ga. App. 30 (99 S. E. 2d 266).

It is clear that the placing of the platform loaded with potatoes in an aisle would not be the proximate cause of a customer's injury. However, leaving the low platform in an aisle when it became empty presents a jury question under the allegations of the petition. See *Big Apple Super Market v. Briggs,* 102 Ga. App. 11, supra.

■ The eight special demurrers directed to paragraphs 7, 8, 11, 12 and 18 are without merit for the pleadings are not so vague or indefinite as to be deficient in particularity. "In an action which is based upon the negligence of the defendant it is not sufficient to allege the negligence in general terms, when the defendant objects to such allegations by a special demurrer calling for the particulars of the negligence complained of. . . While under this rule negligence must be alleged in such a specific way as to put the defendant on notice of what it is to answer, still the rule is not to be carried to the extent of requiring minute particularity in the averments of negligence." *Russell v. Central of Ga. Ry. Co.,* 119 Ga. 705, 707 (2) (46 S. E. 858). This is especially true when the facts called for by the special demurrers are as well known to the defendant as to the plaintiff; such as, in what aisle the platform was located at the time and place in question.

The court did not err in overruling the general and special demurrers.

*Judgment affirmed. Nichols and Bell, JJ., concur.*