39223.  LAM AMUSEMENT COMPANY v. WADDELL.

Decided November 30, 1961.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for plaintiff in error.

*E. J. Clower,* contra.

HALL, Judge. ■ In search of authority that the present petition does or does not set forth a cause of action, we have examined many cases in Georgia and in other jurisdictions. Every case examined, including Gibbons v. Harris Amusement Co., 109 Pa. Super. 484 (167 A 250), cited by the defendant, has facts different in some way from those alleged here. This court must reach its decision, therefore, upon precedents containing similar facts and upon general principles respecting the rights and duties of the parties.

The petition alleges and contends that the defendant placed on the tile and terrazzo floor in the entrance of its premises, for the purpose of being walked over by its patrons, while there was ice and snow on the streets, a rug, unattached to the floor, that would slip and slide when walked upon, and that was thus un-

safe for the purpose intended; and that the defendant thereby failed in its duty of ordinary care to make its premises safe for its invitees.

The question is whether a proprietor of a business, in installing a floor covering over which it invites its patrons to walk, has the duty to ascertain that the floor covering is of such character and is installed in such a way that it will, within reasonable anticipation under all the circumstances, be secure and safe for the use of invitees exercising reasonable care for their own safety. We think that a person entering, in a normally observant manner, a theatre or other business where there is a rug, that presents no obvious hazard, over an area where patrons would normally walk, may reasonably assume that the rug is safe to walk over and will not slip and slide. In using the rug as intended by the proprietor, the patron does not have the opportunity to discover defects that are not obvious. It follows, therefore, that ordinary care requires a proprietor, who has the opportunity when installing a floor covering for patrons to walk over, to ascertain that it is of such materials and is installed in such manner as to be safe for use under the conditions contemplated.

Here the petition alleges the existence of a condition created by the defendant on its premises which a jury would be authorized to find would cause a prudent person reasonably to anticipate would be dangerous to invitees. This is not such a plain and indisputable case that the court must determine this question as a matter of law. *Wicker v. Roberts,* 91 Ga. App. 490, 492 (86 SE2d 350). It presents an issue that must be decided by the jury, whether the defendant was negligent "according to what should reasonably have been anticipated, in the exercise of ordinary care, as likely to happen." *McCrory Stores v. Ahern,* 65 Ga. App. 334, 336 (15 SE2d 797). Accord, Texas Consolidated Theatres, Inc. v. Pittman, 93 F2d 21 (5th Cir.); Sharpless v. Pantages, 178 Cal. 122 (172 P 384); Murphy v. Fidelity Nat. Bank, 226 Mo. App. 1181 (49 SW2d 668).

The defendant relies on *McCrory Stores v. Ahern,* supra. The decision in that case, that the petition did not allege a cause of action, was based on the court's construction of the petition as alleging negligent maintenance of the premises (rather than negligent construction) and only constructive notice of the al-

legedly dangerous condition that caused plaintiff's injury, with no allegations showing that the defendant in the exercise of ordinary care should have discovered the defect. The present petition alleges *actual knowledge* of a dangerous condition of the premises, by virtue of the alleged fact that a rug that would slip and slide when stepped upon was placed on the terrazzo floor by the defendant itself. Furthermore the petition as a whole shows also "a relationship or set of circumstances which imposes upon the defendant a duty to anticipate or to know of the thing in question." *Pacetti v. Central of Ga. Ry. Co.*, 6 Ga. App. 97 (64 SE 302).

The defendant's general demurrer and special demurrers numbers 3, 4, 5 and 8 were properly overruled.

■ Special demurrer number 2 contends that plaintiff's allegations describing the occurrence when the rug slipped are defective in failing to show what caused the rug to slip and the distance the rug slipped. Special demurrer number 6 contends that plaintiff's allegation of negligence (c) is an unsupported conclusion, there being no allegation showing what caused the rug to slip and slide. According to the petition, the plaintiff's stepping on the rug was sufficient to cause it to slip. As the omission pointed out by these demurrers would not seem to handicap the defendant in understanding the exact nature of the claim made against it or in preparing its defense, the demurrers were properly overruled. *Georgia-Alabama Coca-Cola Bottling Co. v. White*, 55 Ga. App. 706, 712 (191 SE 265); *Georgia, S. & F. Ry. Co. v. Williamson*, 84 Ga. App. 167, 175 (65 SE2d 444).

■ Special demurrer number 7 contends that plaintiff's allegations of negligence (d) are conclusions unsupported by allegations showing that a rug with a rubberized base would not have slipped, or showing that the failure to attach the rug to the surface of the floor was negligence. The petition alleges the use for which and the circumstances in which the defendant provided the rug. Allegation (d) raises the issue for the jury to determine, whether in these circumstances the omissions specified were negligence. To require elaboration of these specifications would seem to call for pleading evidence, which the law does not require. *Georgia-Alabama Coca-Cola Bottling Co. v. White*, 55 Ga. App. 706, 712, supra. "Minute particularity in aver-

ments of negligence" is not required. *Cook v. Kroger Baking &c. Co.*, 65 Ga. App. 141 (15 SE2d 531); *Southern Ry. Co. v. Lunsford*, 50 Ga. App. 829, 833 (179 SE 571).

■ Special demurrer number 9 contends that the plaintiff's allegation (e) above is a factually unsupported conclusion, in that the petition does not show how long the alleged condition had existed and that it could have been discovered by ordinary care in the inspection of the premises. It is alleged that the defendant provided a rug that would slip and slide when stepped upon, under conditions that placed upon the defendant the duty to anticipate and guard against injury from such a rug. Allegations showing that the defendant could have discovered what he already knew or had the duty to know are not required. *Pacetti v. Central of Georgia Ry. Co.*, 6 Ga. App. 97, supra; Riehl v. West Farms Fremont Corp., 289 NYS 795.

The trial court did not err in overruling the defendant's general and special demurrers.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*