39331. ROBINSON'S TROPICAL GARDENS, INC. v. SAWYER.

DECIDED MARCH 6, 1962.

*James E. Hardy, William N. Robinson,* for plaintiff in error.
*J. M. Grubbs, Jr., Edwin W. Ross,* contra.

NICHOLS, Presiding Judge. 1. The petitioner alleges facts to show that she was an invitee on the premises owned and operated by the defendant corporation and that such corporation owed her the duty to exercise ordinary care in keeping such premises and approaches safe. *Code* § 105-401.

2. The petition alleges, with reference to the fall suffered by the plaintiff, the following: "5. That on said date and at all times material hereto, defendant, through its agents, servants and employees, on business for defendant and within the scope of their employment, prepared a certain dance floor of defendant's establishment with a waxy substance to make said floor easier to dance on and which had the effect of making it slippery. 6. That immediately adjacent to defendant's said dance floor there is a corridor leading to the exit of defendant's said establishment. That there are two steps which connect the aforesaid corridor to defendant's dance floor, and that said steps are of a marble construction and of a mottled color. 7. That on the aforesaid date and at all times material herein the exterior of said premises of defendant and grounds surrounding same were well soaked with water due to the fact that it had been raining on said date. 8. That for some time prior to the occurrence hereinafter referred to various patrons of defendant upon entering defendant's premises, had brought into defendant's establishment, upon their clothing and shoes, quantities of moisture resulting from the aforesaid rainy condition and wet condition of the exterior of the premises, and that some of said moisture had been deposited upon the aforesaid marble steps and the surface of the corridor which adjoined them. 9. That during

the course of the evening on the aforesaid date, other patrons of the defendant, after using defendant's dance floor and thereby having the waxy substance previously mentioned deposited upon and accumulated upon their shoes, made their way from defendant's premises through the corridor and steps previously referred to, and deposited upon said corridor and steps bits or portions of said waxy substance which, when added to the pools of water previously referred to, caused the corridor and steps to become extremely slippery and hazardous to use. 10. That defendant's agent and servant, at all times material hereto, was located in a position immediately adjacent to said steps and was operating a cash register at said place, and that defendant's said agent and servant was well aware of the slippery, dangerous, and hazardous condition of the aforesaid steps and corridor. 11. That the steps previously mentioned were constructed as aforesaid of hard marble and that from continued use they had become polished smooth and slick. That the aforesaid steps and corridor were dimly lit, rendering it extremely difficult if not impossible to determine the slippery and dangerous condition of said steps. 12. That said steps were not provided with a hand rail or bannister of any type, although defendant knew that through long usage such steps had become smooth and slippery even without any substance being deposited upon them. 13. That while plaintiff was leaving the premises of defendant and emerging from the dance floor of said establishment into the corridor, she stepped down upon the steps as aforesaid and her foot struck the slippery mixture of floor wax and water heretofore referred to, causing her to fall violently down and upon said steps, striking her back and inflicting severe, painful and permanent personal injuries on her as will be hereinafter set forth. 14. That the aforesaid dangerous, slippery condition of the corridor and steps heretofore referred to, and plaintiff's fall by reason thereof was caused by the negligence of the defendant, through its agents, servants, and employees, in failing to provide adequate and effective illumination in and around the above-described defective or unsafe steps and corridor, in failing to provide a hand rail or bannister adjacent to said steps, although it knew of their smooth and unsafe condition, and in failing to remove the slippery mixture of floor wax and

water previously referred to, although it knew of the existence of said dangerous condition through its agent and servant, and in failing to provide a protective mat or other substance which would reduce the slippery condition of said steps. 25. That said occurrence, the subject matter of this suit, and the resulting injury and damage to plaintiff, were caused solely and proximately by the negligence of defendant, acting by and through its agents, servants and employees, which negligence on the part of defendant plaintiff specifies as follows: (1) In failing to provide adequate and effective lighting for the aforesaid corridor and steps; (2) In failing to provide a rail or bannister to be used in connection said [sic] said steps; (3) In failing to cover said steps with matting or other material which would give traction and thereby minimize the slippery condition of same; (4) In failing to remove the accumulation of the moisture and wax particles which formed a dangerous, slippery coating upon said steps as aforesaid; (5) In failing to warn plaintiff of the slippery and dangerous condition of said steps; (6) In allowing plaintiff to use said corridor and steps with the knowledge on defendant's part that plaintiff would not be able to see the dangerous and slippery condition thereof due to defective lighting of same." The petition also alleges jurisdictional facts, the plaintiff's injuries and damages, prayers for process, etc.

In support of its general demurrers the defendant relies on cases wherein it had been held that water upon a floor near an entrance on a rainy day; or marble steps, however well polished; or a darkened stairway, etc., were insufficient acts of negligence upon which to base a cause of action, such facts either not being negligence or the plaintiffs having knowledge of such facts were not in the exercise of ordinary care for their own safety in using such facilities. Such cases are not applicable to the present case where the alleged negligence of the defendant in failing to exercise ordinary care in keeping such premises and approaches safe is not based on any one condition created, or known by the defendant, but is based on a group of alleged conditions, each alleged to be within the knowledge of the defendant (of facts with respect to such individual conditions being alleged which are sufficient to allege constructive knowl-

edge), which when taken together are sufficient to present a question for the jury as to the defendant's negligence, and the petition does not make it affirmatively appear that the plaintiff was not exercising ordinary care for her own safety. See *Pilgreen v. Hanson*, 89 Ga. App. 703 (81 SE2d 18); *Cox v. Ray M. Lee Co.*, 100 Ga. App. 333 (111 SE2d 246); *S. H. Kress & Co. v. Flanigan*, 103 Ga. App. 301 (119 SE2d 32); *Hanson v. Atlanta Lodge No. 78 B. P. O. Elks*, 88 Ga. App. 116 (76 SE2d 77); *American Legion Dept. of Ga. v. Simonton*, 94 Ga. App. 184 (94 SE2d 66), and citations. The trial court did not err in overruling the defendant's general demurrers.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*