### 40952. KROGER COMPANY v. ANDERSON.

FRANKUM, Judge. 1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." *Code* § 105-401. Where a dangerous or hazardous condition is created by the owner or occupier of the premises, allegations showing that the owner or occupier knew or could have known or have discovered such dangerous or hazardous condition are not required. *Lam Amusement Co. v. Waddell,* 105 Ga. App. 1, 5 (4) (123 SE2d 310).

2. Accordingly, as in this case where the plaintiff seeks damages because of an injury alleged to have been sustained by her as an invited customer in the defendant's store, and alleges in

her petition that the injury sued for was sustained when she bumped into a "dolly" which had been furnished by the defendant for the use of its employees in transporting merchandise to various parts of its store; that the "dolly" had been left by the defendant's employees in the aisle of the store, and that "the defendant knew or, in the exercise of ordinary care, should have known that the same posed a hazard for customers using the aisle," the petition is not subject to general demurrer, on the ground that the quoted allegations show only constructive knowledge of the presence of the "dolly" in the aisle, since it is plain that this allegation relates merely to *knowledge of the hazard* created by the defendant's employees in placing and leaving the dolly in the aisle, and does not negative the positive allegation in the petition that the defendant's employees placed and left the dolly in the aisle of its store, which acts are imputable to the defendant as its acts.

3. In such a case where the petition alleges that the defendant had erected adjacent to the aisle wherein the obstruction had been placed an attractive display of merchandise designed to attract the attention of customers, and that such display did in fact attract the plaintiff's attention and caused her attention to be distracted so that she did not observe the obstruction, such allegations do not demand, as a matter of law, a conclusion that the plaintiff was guilty of contributory negligence in failing to observe the alleged hazardous obstruction. *Stanfield v. Forrest Five to Five Dollar Stores*, 95 Ga. App. 739 (99 SE2d 167); *Big Apple Super Market v. Briggs*, 102 Ga. App. 11 (115 SE2d 385). Under the facts alleged it was a jury question whether or not the acts of negligence charged against the defendant did in fact constitute negligence, whether they were the proximate cause of the plaintiff's injuries, and whether the plaintiff by the exercise of ordinary care could have avoided the negligence charged against the defendant. *Colonial Stores, Inc. v. Stanley*, 102 Ga. App. 645 (1) (117 SE2d 245).

4. The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED NOVEMBER 24, 1964.

*Wyatt & Wyatt,* for plaintiff in error.
*Sims & Lewis, George E. Sims, Jr.,* contra.