41305.   J. C. PENNEY COMPANY, INC. v. BERRY.

HALL, Judge.   The defendant in this case assigns error on the judgment of the trial court overruling its general and special demurrers to the plaintiff's petition. *Held:*

■ The first count of the petition alleged: The plaintiff was a

customer in the defendant's retail store and fell and was injured because as she descended the flight of stairs from the second to the first floor, her shoe stuck to a large wad of chewing gum. A high side wall and a turn in the stairway prevented the plaintiff from seeing the chewing gum before she stepped on it, and in the exercise of ordinary care she could not detect the presence of the chewing gum. The gum had been on the stairs for more than eight hours and was hardened. The defendant knew or in the exercise of ordinary care could have discovered the chewing gum and the danger to customers which it created. The plaintiff's injury was caused by the defendant's negligence in failing to "keep proper inspection . . . and allowing said stairway to remain in a dangerous condition," and "in failing to remove" the chewing gum.

The petition stated a cause of action. *American Legion v. Simonton,* 94 Ga. App. 184, 186 (94 SE2d 66); accord *Duren v. City of Thomasville,* 92 Ga. App. 706, 709 (89 SE2d 840). The cases relied on by the defendant, in which there was no allegation that the substance causing the plaintiff to fall had remained on the floor for a sufficient length of time that the defendant should have discovered its presence, *Brown v. S. H. Kress Co.,* 66 Ga. App. 242 (17 SE2d 758), *Watson v. McCrory Stores, Inc.,* 97 Ga. App. 516, 519 (102 SE2d 648), *Wootton v. City of Atlanta,* 101 Ga. App. 779 (115 SE2d 396), are not controlling.

The second count of the petition, containing the same allegations of fact but omitting the specifications of negligence stated in the first count, and alleging instead that "the business premises, including the stairway in question, was under the exclusive control of the defendant and that the accident would not have happened without an absence of due care on the part of the defendant," did not state a cause of action. *Wootton v. City of Atlanta,* 101 Ga. App. 779, supra.

*Judgment overruling special demurrers and general demurrer to first count of petition affirmed; judgment overruling general demurrer to second count reversed. Bell, P. J., and Frankum, J., concur.*

SUBMITTED MAY 5, 1965—DECIDED MAY 11, 1965.

*William Malcolm Towson, H. D. Russell,* for plaintiff in error.
*Jones & Douglas, Dubignion Douglas,* contra.