41770. PEASTER v. WILLIAM SIKES POST NO. 4825 VETERANS OF FOREIGN WARS, INC.

HALL, Judge. The plaintiff appeals from a judgment of the trial court sustaining general demurrers to her petition which alleged the following facts: The petitioner attended a dance held by the defendant at its clubhouse, to which it invited the public. The defendant had placed a chair near a table for the use of patrons of the dance. The defendant had placed the chair on a spot of floor which had a slick tile covering and had been recently waxed, making the tile even more slick. The defendant exercised full control over the condition of the floor. The chair was light-weight in construction and had metal legs, with no rubber tips or runners

on them, or any other non-slick material, which would have made said chair less likely to slip and slide on a floor, in the ordinary use thereof. The chair was so light in weight and so constructed otherwise that if a person, attempting to sit down upon it, did not sit well back on the seat of the chair, it would tip forward, slide backwards, and turn over. These characteristics of the chair were not readily observable to the plaintiff. The plaintiff attempted to sit down on the chair, where the defendant had placed it, and it slipped from under her, whereupon she fell to the floor and was injured. Her injuries were caused by the negligence of the defendant in that it "failed to furnish said clubhouse and dance hall entirely with chairs without [the described] characteristics . . . and . . . failed to notify petitioner that said chair which petitioner attempted to use had said characteristics." *Held:*

In *Lam Amusement Co. v. Waddell,* 105 Ga. App. 1, 3 (123 SE2d 310), this court applied the principle that a business invitee may reasonably assume that the furnishings upon business premises, when they present no obvious hazard, are safe for the use for which they apparently were intended; and ordinary care requires a business proprietor, who has the opportunity to discover the condition of furnishings he places on the premises, to ascertain that they are safe for use under the conditions contemplated.

The petition in the present case, like the petition considered in *Lam Amusement Co. v. Waddell,* 105 Ga. App. 1, supra, alleges the existence of a condition created by the defendant on its premises which a jury would be authorized to find would cause a prudent person reasonably to anticipate would be dangerous to invitees; it presents an issue that must be decided by the jury, whether the defendant was negligent "according to what should reasonably have been anticipated, in the exercise of ordinary care, as likely to happen." The petition alleges actual knowledge of a dangerous condition of the premises, by virtue of the alleged fact that a chair with the described characteristics was placed on the slick waxed floor by the defendant itself. "Furthermore the petition as a whole shows also 'a relationship or set of circumstances which imposes upon the defendant a duty to anticipate or to know of the thing in question.' " *Lam Amusement Co. v. Waddell,* 105 Ga. App. 1, 4, supra; *Kroger Co. v.*

*Anderson,* 110 Ga. App. 696 (140 SE2d 108). In the cases relied on, by the defendant the facts did not show that the defendant itself created the alleged dangerous condition. See *Hollinghorst v. Heart of Atlanta Motel,* 104 Ga. App. 731 (122 SE2d 751); *Norwood v. Belk-Hudson Co. of Valdosta,* 107 Ga. App. 278 (129 SE2d 810); *Chapman v. Phillips,* 112 Ga. App. 434 (145 SE2d 663).

The petition in this case does not affirmatively show that the plaintiff is barred from recovery because she voluntarily encountered a known danger or could have avoided the consequences of obvious negligence of the defendant. Therefore, the facts upon which the plaintiff could be precluded from recovery cannot be decided upon the pleadings as questions of law. *Johnson v. Thompson,* 111 Ga. App. 654, 658 (143 SE2d 51).

The trial court erred in sustaining the defendant's general demurrers.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*

Argued January 6, 1966—Decided January 25, 1966—
Rehearing denied February 14, 1966—

*Carl P. Savage, Jr.,* for appellant.

*Smith, Gardner, Kelley & Wiggins, Asa D. Kelley, Jr., Marion L. Bridges,* for appellee.