## 42143. ELEBASH v. WHITLEY.

HALL, Judge. The defendant in this negligence action appeals from a judgment overruling his general demurrers to the petition, which alleged the following facts: The plaintiff was an invitee in the defendant's bowling alley. Unknown to the plaintiff, a cola liquid had been spilled on the mat at the vending machines and allowed to remain there by the defendant. The substance was not perceptible to the plaintiff except by very close inspection, due to the lighting and shadows and the fact that the coloring of the liquid blended with that of the mat. The liquid was spilled more than four hours before the plaintiff fell and for that four-hour period the defendant had an employee working in the area where it was spilled, who passed the area several times and in the exercise of his ordinary duties should have known that the liquid was spilled and would have known that it had been spilled if he had carried out his ordinary duties of making the premises safe. The plaintiff stepped in the liquid while at the vending machine. When the plaintiff returned to bowl, his left foot stuck due to the substance collected on his shoe and he fell and was injured and damaged. The plaintiff's fall and injuries were caused by the defendant's negligence in allowing the spilled liquid to remain on the floor for an unreasonable period of time, in failing to light the vending machine area sufficiently, in failing to warn the plaintiff of danger, and in other particulars.

1. A business proprietor has a duty to keep his premises to which he invites the public safe from defects which by ordinary care he could have discovered and which by reasonable foresight he should have known would be dangerous. *Lam Amusement Co. v. Waddell*, 105 Ga. App. 1, 3 (123 SE2d 310); accord *Hillinghorst v. Heart of Atlanta Motel*, 104 Ga. App. 731, 735 (122 SE2d 751). "The basis of the proprietor's liability is his superior knowledge, or his superior opportunity to discover a dangerous condition, as compared with the opportunity of his invitee." *Belk-Gallant Co. of LaGrange v. Cordell*, 107 Ga. App. 785, 788 (131 SE2d 575); *S. H. Kress & Co. v. Flanigan*, 103 Ga. App. 301, 302 (119 SE2d 32); American Law Institute, Restatement of the Law of Torts, 938, § 343. The proprietor is required to know the character of his premises. *Lam Amusement Co. v. Waddell*, supra;

*Hillinghorst v. Heart of Atlanta Motel,* supra, 634; *Peaster v. William Sikes Post,* 113 Ga. App. 211, 212 (147 SE2d 686). And one of the conditions that can make a defect created by others foreseeably dangerous is that the character of the premises or surroundings will cause the defect to be concealed or not observable to invitees as they use the premises in the normal manner. *Belk-Gallant Co. of LaGrange v. Cordell,* supra; *J. C. Penny Co. v. Berry,* 111 Ga. App. 663, 664 (143 SE2d 28); *Sharpton v. Great A. & P. Tea Co.,* 112 Ga. App. 283 (145 SE2d 101); *Scoggins v. Campbellton Plaza,* 114 Ga. App. 23 (150 SE2d 179). This is true even though the fact alone that a defect is concealed or that it caused injury does not *necessarily* show that it was to the proprietor foreseeably dangerous. See *Misenhamer v. Pharr,* 99 Ga. App. 168 (107 SE2d 875).

2. The question specifically presented by this appeal is whether reasonable minds could disagree on the issue that the proprietor of the bowling alley in the exercise of ordinary care should have foreseen that someone on the premises might spill a substance on the mat at the vending machines that would create a hazard, and accordingly should have inspected this area as often as every four hours to discover and remove the substance if it created a risk to invitees. From the allegations of this petition we cannot decide as a matter of law that the defendant proprietor should not have foreseen that a condition such as that alleged would occur on his business premises. *Belk-Gallant Co. of LaGrange v. Cordell,* 107 Ga. App. 785, supra; *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301, supra; *Lamb v. Redemptorist Fathers of Ga.,* 111 Ga. App. 491 (142 SE2d 278); *J. C. Penny Co. v. Berry,* 111 Ga. App. 663, supra; *Sharpton v. Great A. & P. Tea Co.,* 112 Ga. App. 283, supra; *Scoggins v. Campbellton Plaza,* 114 Ga. App. 23, supra. But the petition contains no allegation that the condition was dangerous or that the defendant knew that it was dangerous, or that in the exercise of ordinary care the defendant should have known that it was dangerous. This court has previously decided that the absence of such allegations subjects the petition to general demurrer. *Chapman v. Phillips,* 112 Ga. App. 434, 436 (145 SE2d 663).

The defendant relies on *Butler v. Jones,* 85 Ga. App. 158 (68 SE2d 173), in which this court held that permitting a small stone to remain for two months on the driveway near a step

used as an entrance and exit from a clinic as a matter of law created no forseeably dangerous condition. This case appears to be out of harmony with other earlier decisions (see *Townley v. Rich's,* 84 Ga. App. 772, 776 (67 SE2d 403); *Macon Tel. Pub. Co. v. Graden,* 79 Ga. App. 230, 234 (53 SE2d 371)), as well as later cases cited above. The cases of *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84); *Home Federal Savings &c. Assn. v. Hulsey,* 104 Ga. App. 123 (121 SE2d 311); and *Norwood v. Belk-Hudson Co.,* 107 Ga. App. 278 (129 SE2d 810), in which there was no evidence and allegation showing the length of time the alleged dangerous defect had been present to give the defendant an opportunity to discover and rectify it, are not controlling. The trial court erred in overruling the general demurrer to the petition.

3. The allegations of the petition do not show as a matter of law that the plaintiff was lacking in ordinary care in failing to observe the defect and avoid injury. *Wynne v. Southern Bell Tel. & Tel. Co.,* 159 Ga. 623, 624 (126 SE 388); *Lane Drug Stores v. Brooks,* 70 Ga. App. 878, 885 (29 SE2d 716); *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301, 304, supra; *Setzers Super Stores v. Higgins,* 104 Ga. App. 116, 119 (121 SE2d 305); *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527).

*Judgment reversed for the reason stated in Division 2. Nichols, P. J., and Deen, J., concur.*

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 16, 1966.

*Kelly, Champion & Henson, John W. Denney,* for appellant.
*Roberts & Thornton, Jack M. Thornton,* for appellee.