## 57801. COILE et al. v. BERMAN-CLYATT COMPANY, INC. et al.

SHULMAN, Judge.

Appellants-Catherine Coile and her husband brought suit to recover for injuries allegedly attributable to appellant-Catherine Coile's fall while in appellee-Berman-Clyatt Company's place of business. At the close of appellants' case, a motion for directed verdict was granted in favor of the defendant-Berman-Clyatt Company.

1. Count 1 of appellants' complaint set forth a claim grounded on a negligence theory. Appellants' assertion that the trial court improperly directed the verdict as to this count is well taken.

A. Appellants' presentation of evidence established that appellant-Catherine Coile stumbled on a six-inch step-up of an elevated display area as she was reaching for a bottle of perfume. The elevated area was at the end of the aisle on which appellant was shopping and was covered with the same color carpeting as the aisle. Although the store was well lighted and appellant may have been able to see the step-up had she looked at the floor, appellant was not aware of the step-up because she was distracted by merchandise displays designed to attract the attention of customers. Contrary to appellee's contentions, this evidence did not demand, as a matter of law, a conclusion that appellant was guilty of contributory negligence in failing to exercise ordinary care for her own safety. *Kroger Co. v. Anderson,* 110 Ga. App. 696 (3) (140 SE2d 108); *Rich's, Inc. v. Denmon,* 101 Ga. App. 600 (1) (114 SE2d 462). Accordingly, the trial court erred in removing Count 1 from the jury's consideration. *Krystal Co. v. Butler,* 149 Ga. App. 696 (1) (256 SE2d 96) (1979).

B. Cases cited by appellee do not require a contrary holding. See, e.g., *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7); *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623); *Lane v. Maxwell Bros. &c. Inc.,* 136 Ga. App. 712 (222 SE2d 184). Aside from any other distinguishing characteristics, if any, those cases do not involve "distractions" creating jury issues as to the injured party's duty to exercise diligence for personal

safety. For a recognition of the distraction doctrine, see *Stenhouse v. Winn Dixie Stores,* 147 Ga. App. 473 (249 SE2d 276).

2. The trial court directed the verdict against appellants on Count 2 of their complaint, which alleged that the maintenance of the platform constituted a continuing nuisance. Although appellants concede that no claim was established on a private nuisance theory (see in this regard *Cox v. DeJarnette,* 104 Ga. App. 664 (2a) (123 SE2d 16)), appellants urge that sufficient evidence was presented to authorize the presentation of the claim on a public nuisance theory. We disagree.

Appellants failed to demonstrate that the condition of the platform injured those of the public who came in contact with it. Compare *Atlanta Processing Co. v. Brown,* 227 Ga. 203 (6b) (179 SE2d 752). See *Herschel McDaniel Funeral Home,* supra, p. 48, noting that " 'a variation of level in buildings, amounting to only a few inches (4 to 6 inches shown in adjudicated cases), constitutes a common method of construction, and does not of itself render it defective or negligent. [Cits.]' " Accordingly, the trial court properly determined that appellants' evidentiary showing would not authorize the presentation of the issue to the jury.

*Judgment reversed in part; affirmed in part. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 7, 1979 — DECIDED SEPTEMBER 4, 1979.

*Charles E. Moore,* for appellants.
*Glenn Frick, Robert Bleiberg,* for appellees.