66296. JOHNSON v. GEORGIA KRAFT COMPANY et al.

McMURRAY, Presiding Judge.
This is an action for damages in which judgment on the pleadings has been granted in favor of defendant Georgia Kraft Company (additional John Doe defendants were named in the complaint, but never identified nor served). Plaintiff's complaint alleges: He was an employee of the Southern Railway and in the course of his employment was on defendant's premises as a business invitee to perform duties under a contract between defendant and plaintiff's employer. In performing these duties it became necessary for plaintiff to walk onto and around certain railroad tracks, as well as up, onto and down the various rail cars which were located on these tracks. These railroad tracks passed through a metal frame building maintained so that water is allowed to run between the rails and over the ground surrounding the railroad tracks, where the water combines with the clay soil to form slippery and sticky mud. Plaintiff, in the process of performing his duties in this area, accumulated a covering of wet mud on his feet and shoes, which, when plaintiff began climbing upon a railroad car located on the tracks, caused plaintiff to slip and fall.

Plaintiff's complaint sets forth claims predicated upon theories of private nuisance, negligence and gross negligence. Defendant's motion for judgment on the pleadings was granted, and plaintiff appeals. *Held:*

1. "[A]n actionable private nuisance [is] one which is 'specially injurious to an individual by reason of its proximity to his home.' " *Cox v. DeJarnette,* 104 Ga. App. 664, 675 (2a) (123 SE2d 16). Plaintiff's purported claim for private nuisance involves no invasion of an interest in the use and enjoyment of his land, therefore, no claim

is stated for private nuisance. *Cox v. DeJarnette,* 104 Ga. App. 664, 675-676, supra. Compare *Coile v. Berman-Clyatt Co.,* 151 Ga. App. 99, 100 (2) (258 SE2d 756).

2. Judgment on the pleadings should not be granted unless the allegations of the complaint disclose with certainty that plaintiff would not be entitled to relief under any state of provable facts. *Frady v. Irvin,* 245 Ga. 307, 311 (5) (264 SE2d 866). A judgment on the pleadings against the plaintiff would be appropriate only if plaintiff's complaint discloses that he would not be able to prove one or both of the two elements of a slip and fall case set forth in *Moss v. Atlanta Housing Auth.,* 160 Ga. App. 555 (287 SE2d 619), in that plaintiff must prove (1) fault on the part of defendant, and (2) ignorance of the danger on the part of the plaintiff. Plaintiff's allegations as to the dangerous work area, in and around the point where the railroad tracks go through a metal frame building, caused by the manner in which defendant has historically maintained the area is a sufficient allegation of fault on the part of defendant. As to knowledge of the danger on the part of the plaintiff, there is no indication the plaintiff had any knowledge of these conditions prior to his injury. Although we would expect one would usually be aware of walking in mud and having one's shoes and feet covered with wet mud, plaintiff may be able to prove unusual circumstances which prevented him from noticing this. This case is not controlled by *Bennett v. Zaban,* 164 Ga. App. 501 (297 SE2d 93), (a summary judgment case) in which the plaintiff acknowledged having seen the oil upon which he later slipped. Plaintiff's complaint states a claim upon which relief may be granted. Therefore, the trial court erred in granting defendant's motion for judgment on the pleadings. *Frady v. Irvin,* 245 Ga. 307, 311 (5), supra.

*Judgment reversed. Shulman, C. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED JULY 15, 1983 —
REHEARING DENIED JULY 27, 1983 —

*S. Phillip Brown,* for appellant.
*Robert A. B. Reichert,* for appellees.