67427. EVANS v. KAISER ALUMINUM & CHEMICAL CORPORATION.
67428. CENTRAL OF GEORGIA RAILROAD COMPANY v. KAISER ALUMINUM & CHEMICAL CORPORATION.

BIRDSONG, Judge.

This appeal arises from the trial court's award of summary judgment to appellee (co-defendant) Kaiser Aluminum & Chemical Cor-

poration ("Kaiser"). Both the plaintiff (Evans) and the other co-defendant, Central of Georgia Railroad Company ("Central"), have appealed the trial court's judgment. The sole issue presented by both appeals is whether the trial court erred in apparently concluding either that appellee Kaiser breached no duty owed to Evans or that Evans had knowledge of the danger leading to his slip and fall and alleged injuries.

The basic facts as taken from Evans' deposition testimony are undisputed. As part of his duties while in the employ of Central, Evans switched railroad cars on Kaiser's premises. While delivering a car to Kaiser, appellant proceeded to walk through a warehouse dock covered by a roof but open on the side away from the warehouse. Stored in the warehouse were bags of powdered nitrate. The floor of the dock was covered with nitrate powder that had become damp, apparently from rain earlier that day. Evans was warned by a fellow employee that the floor was often slippery, and he admitted in his deposition that he noticed the damp and slippery condition of the floor caused by the nitrate as he was walking across the dock. Evans then walked ten feet from the shed, boarded a rail car, and proceeded to two other tracks in order to couple and remove other cars. After performing his functions at the last location, he attempted to alight a moving railroad car by grabbing the car ladder with his right hand and placing a foot on the ladder. As he climbed onto the ladder, his foot slipped off of the bottom rung, which caused his right shoulder to dislocate. The slipping of his foot was allegedly caused by an accumulation of nitrate on the sole of his shoe. He testified that only a couple of minutes separated the time he left the warehouse and the time of his fall. There is no evidence that Evans was unaware that some of the damp nitrate would adhere to the soles of his shoes as he left the warehouse. *Held*:

We agree with the trial court's grant of Kaiser's motion for summary judgment. In *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327), the Supreme Court held: "[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." Evans' testimony unequivocally establishes that he had knowledge of the potentially dangerous substance and had knowledge of the potential dangers arising therefrom. Appellants' jointly advanced contention that Evans was unaware of the hazard because he was not aware that the substance would adhere to the soles of his shoes is not supported by any evidence in the record. To the

contrary, Evans conceded he knew: that it had been raining on the date of the accident and that his shoes might be wet; that he had been warned by a fellow employee of the slippery propensity of the warehouse floor; and, that he had personally observed the damp, slippery nature of the powdery substance on the warehouse floor, and had seen footprints left by people who had walked across the floor. Thus, Kaiser's evidence pierced the issue of superior knowledge raised by the complaint by demonstrating Evans' equal knowledge of the alleged hazard giving rise to his cause of action. Kaiser therefore was entitled to judgment absent rebuttal evidence from Evans revitalizing the issue of fact as to Evans' lack of knowledge. OCGA § 9-11-56; *Bennett v. Zaban*, 164 Ga. App. 501 (297 SE2d 93). This case is distinguishable from *Johnson v. Ga. Kraft Co.*, 167 Ga. App. 585 (307 SE2d 103), in which the grant of a motion for judgment on the pleadings was reversed because the pleadings failed to show that the plaintiff "had any knowledge of [the dangerous] conditions prior to his injury." Id., p. 586. The record in this case, as in *Bennett*, supra, shows that Evans had knowledge of the condition about which he now complains, and the trial court properly concluded that this knowledge precluded any assessment of liability against Kaiser. As Kaiser has pierced the allegations of the complaint concerning its liability to Evans and Evans has failed to produce any evidence in rebuttal creating a genuine issue of material fact, the trial court properly awarded summary judgment to Kaiser. OCGA § 9-11-56.

*Judgment affirmed. Shulman, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED FEBRUARY 17, 1984 —
REHEARING DENIED MARCH 7, 1984 —

*Billy E. Moore, J. Anderson Harp*, for appellant (case no. 67427).
*Joseph P. Brennan, John B. Miller, Burt DeRieux*, for appellee.
*Burt DeRieux, John B. Miller*, for appellant (case no. 67428).
*Billy E. Moore, Joseph P. Brennan, David P. Darden*, for appellee.