[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff alleges in paragraph 6 of his one count complaint that the defendants permitted a dangerous condition to exist during a theatrical performance — "a floor in a public area, in front of the stage, that would become slippery when wet; and allowing beverages from the bar, located on the premises, to be brought onto said floor, thus constituting a hazard to persons on the floor." The plaintiff further alleges in paragraph 8 that he slipped and fell on the slippery floor and was injured.
The defendants now move for summary judgment on the ground that they did not have notice of the alleged defect. Summary judgment requires a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Practice Book §17-49; Lorrico v. Pantani, 69 Conn. App. 681, 684 (2002).
The plaintiff does not claim merely that he slipped on a wet substance, such as a drink. See McLaughlin v. Home Indemnity Ins. Co.,361 So.2d 1227 (1978) where one claim made by an attendee at a rock concert was that she slipped on a wet substance and was injured due to the negligence of the promoter. In McLaughlin the appellate court agreed with the trial judge "that the instant situation is not the same as the typical slip and fall case which generally arises out of an incident which occurs in a mercantile establishment. The question of reasonable inspection and cleanup procedure was the subject of a considerable portion of the testimony adduced during the course of the trial. Defendants had on hand some fourteen policemen, four firemen, and three `housemen.' We think it unreasonable to expect that these people would patrol the aisles with flashlights or otherwise engage in a routine inspection procedure during the course of the performance to the obvious displeasure and distraction of the patrons. Such would not be in keeping with the mood of the concert." Id at 1229. See also Clark v. Pierce Norton Co., Inc., 131 Conn. 499, 501 (1945) (wire that cause injury at amusement park must have been in a position to cause injury for a CT Page 13168 sufficient length of time).
The plaintiff's exact claim, as supported by deposition testimony attached to his brief in opposition to summary judgment, is that the floor itself was defectively maintained. It had become worn and was not capable of protecting invitees, such as the plaintiff, from slipping. Under these circumstances, there are questions of fact left for the jury to decide. Knapp v. Connecticut Theatrical Corp., 122 Conn. 413, 417
(1937); Robinson's Tropical Gardens, Inc. v. Sawyer, 125 S.E.2d 131
(Ga.App. 1962).
The motion for summary judgment is denied.
___________________ Henry S. Cohn CT Page 13169