MILDRED REILLY, an Infant, by JOHN J. REILLY, Her Guardian ad Litem, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW ROCHELLE, Appellant.

Second Department, May 11, 1923.

Negligence — action for injuries suffered when plaintiff fell on stairs — absence of overlapping of steps is not negligence in absence of proof of improper construction.

In an action to recover for injuries suffered when the plaintiff fell on stairs, negligence is not shown by proof that there was no overlapping of the steps, in the absence of proof of improper construction or prior accident in the use of the stairs during a period of many years.

APPEAL by the defendant, The Board of Education of the City of New Rochelle, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 21st day of October, 1922, upon the verdict of a jury for $25,000, and also from an order entered in said clerk's office on the 17th day of November, 1922, denying defendant's motion for a new trial made upon the minutes.

*Charles A. Van Auken,* for the appellant.

*Martin J. Tierney,* for the respondent.

PER CURIAM:

If there was any negligence on the part of the defendant, it was in constructing and maintaining the stairway so that there was no overlapping of the steps. Mrs. Reilly, one of the witnesses, testified they were even, that is, the front of the upper step was even or directly over the rear of the tread directly below, and it is claimed that on account of this there was greater chance of one's heel being caught in descending the stairs than there would have been had the upper tread overlapped the tread directly below. There is not a particle of evidence that this method of construction was improper or unusual. On the contrary, it does appear that the stairway had been in use for many years and that the children had continually gone up and down without accident. So far as shown, the plaintiff was the only one injured by the use of the stairway in all these years of use. We are, therefore, of the opinion that in the absence of any proof of improper construction, the

plaintiff failed to establish any negligence on the part of the defendant, and that the judgment must be reversed on this account. If on another trial it should appear that the stairway was improperly constructed for the use intended, a different question would be presented, but a finding of negligence on the part of the defendant in the respect mentioned cannot be justified from the happening of one accident in many years of use.

The judgment and order appealed from should be reversed on the law and the facts, and a new trial granted, with costs to abide the event.

KELLY, P. J., MANNING, KELBY, YOUNG and KAPPER, JJ., concur.

Judgment and order reversed on the law and the facts, and a new trial granted, with costs to abide the event.