BESSIE ROBINSON, Respondent, *v.* C. & J. PISKOSH, INC., Appellant.

First Department, May 17, 1940.

*E. J. Roberts* of counsel [*E. C. Sherwood,* attorney], for the appellant.

*William M. Silverman* of counsel [*Herbert Friedman* with him on the brief; *Philip A. Levey,* attorney], for the respondent.

DORE, J. In this action for personal injuries, defendant appeals by permission of this court from a determination of the Appellate Term affirming (one justice dissenting) a judgment of the City Court rendered after trial by the court without a jury in plaintiff's favor for $450.

On Sunday, October 10, 1937, plaintiff went to defendant's poultry market to purchase a chicken. The entrance to the market on week days was through large open doors resembling the type of doors usually found at the entrances of garages; but on Sunday these doors were closed and sole access was through a smaller panel door which opened inwardly in the large door. Plaintiff testified that when she pushed open the small door she fell or tripped over a panel or sill at the bottom thereof. This formed part of the larger door and rose about ten inches above the level of the ground. She testified she had never been through the small panel door before the accident as she had previously gone to the market only on week days when the larger door was open. On cross-examination she testified as follows: " Q. Were you looking where you were going? A. Why should I look when I go there? There's nothing to do, no piece there. Q. But you had never gone through this door before? A. No, I had never gone through that little door before." Plaintiff fell and sprained her ankle. She testified that thereafter she bought a chicken in the market and went home in a taxicab.

We think the judgment in plaintiff's favor was error as on the facts disclosed there was no negligence established on defendant's part and plaintiff's own testimony showed she was guilty of contributory negligence. There was no proof that the method of construction was improper or unusual and the evidence was uncontradicted that the doors were in the same condition and use for a period of many years without accident. (*Reilly* v. *Board of Education,* 205 App. Div. 431.) As the photographs in evidence indicate,

the so-called panel or sill extending about nine inches above the level of the ground was clearly visible to any one using ordinary care in pushing open the smaller door for the purpose of entering thereby. Stepping into the small panel door for the first time, plaintiff was under a duty to make reasonable use of her own faculties. She may not go heedlessly forward without looking where she is going, and then hold others responsible for damages caused by her own lack of care.

The determination of the Appellate Term affirming the judgment of the City Court should be reversed, with costs and disbursements of the appeal in this court and in the Appellate Term, and the judgment of the City Court in plaintiff's favor should be reversed, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Determination appealed from unanimously reversed, with costs and disbursements to the appellant in this court and in the Appellate Term, and the judgment of the City Court in plaintiff's favor reversed, and the complaint dismissed, with costs.