MARTHA TEHAN, Respondent, v. HERMAN FREED and CLARA FREED, Individually and as Copartners, Doing Business under the Firm Name and Style of " FREED's HATS," Appellants.— Action brought by plaintiff, a customer and invitee of defendants, who were retail dealers in hats, to recover damages for personal injuries sustained by her when she fell at or near two steps in their store, which steps lead to a rear entrance at a lower level than the floor of the store. Negligence of defendants was alleged in that they caused and permitted a dangerous condition to exist at the place of plaintiff's fall, which constituted a nuisance and trap and a menace to the safety of such of the public as visited the store. Upon a jury trial of the issues a verdict was duly rendered in favor of plaintiff upon which judgment was duly entered. From that judgment defendants appeal. Judgment reversed on the law and facts, with costs, and complaint dismissed on the law, with costs. Hagarty, Carswell, Johnston and Taylor, JJ., concur, with the following memorandum: No negligence on defendants' part is inferable from the evidence. The locus of the accident to plaintiff did not constitute a nuisance and trap maintained by the defendants. The steps were obvious to any one who cared to look. It was error to refuse to dismiss the complaint. (*Hart v. Grennell*, 122 N. Y. 371, 374; *Weller v. Consolidated Gas Co.*, 198 id. 98; *Powers v. Montgomery Ward & Co., Inc.*, 251 App. Div. 120; affd., 276 N. Y. 600; *Stark v. Franklin Simon & Co., Inc.*, 237 App. Div. 42; *Weinstein v. R. H. Macy & Co.*, 163 Misc. 61; *Robinson v. Piskosh, Inc.*, 259 App. Div. 544.) Further, plaintiff was guilty of contributory negligence as matter of law. (*Robinson v. Piskosh, supra.*) The locus of the accident was concededly well lighted and the steps, as stated, were obvious. The accident happened because of plaintiff's failure to look where she was going.

Lazansky, P. J., dissents and votes to affirm the judgment, with the following memorandum: The counter continued at the same level beyond the steps where plaintiff fell. The hats which plaintiff was invited to inspect were on and along a wall against which the rear of the counter rested. In making her examination of the hats, plaintiff stepped sidewise from right to left, at the same time looking forward at the hats. Under these circumstances, the jury was warranted in finding (1) that plaintiff acted normally and was not at fault in failing to observe the steps; and (2) that defendants knew or should have known that customers examining the hats on this wall were likely to side-step and look forward as plaintiff did and that defendants were negligent in failing to give notice of the danger. In view of the way the accident happened and the charge of the court, error in refusing to charge as requested at folios 568–569 was harmless.