■ CHARLES LUFTIG, Respondent, v. ABE STEINHORN, Doing Business as GRAND MOUNTAIN HOTEL, Appellant.— Judgment unanimously reversed on the law and the complaint dismissed, with costs to appellant. Defendant operates a Summer resort hotel which included among the recreational facilities a baseball diamond or field for use of the guests. July 5, 1957 plaintiff, playing left field in a game of baseball, while attempting to catch a fly ball tripped, stumbled and fell, suffering a fracture of the left heel. There was evidence that a collision occurred between plaintiff and a fellow player. However, plaintiff asserts that the collision occurred as he was falling after having stepped in a hole on the field. Looking solely at the evidence as presented by the plaintiff we conclude that there is no right of recovery. Two of the witnesses for the plaintiff testified in substance that there were holes all over the field and plainly visible. One witness referred to the field as a pastoral "full of holes." The other witness testified to "foxholes" in the very bad field. According to their testimony the danger from holes was open and obvious. If that testimony be accepted the plaintiff, by electing to play ball upon such a field, assumed the evident risks and should not be allowed to recover. (*Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479; *McGee* v. *Board of Educ.,* 16 A D 2d 99, 101; *Lobsenz* v. *Rubinstein,* 258 App. Div. 164, affd. 283 N. Y. 600; *Scala* v. *City of New York,* 200 Misc. 475.) If the condition were so open and notorious plaintiff would also have been guilty of contributory negligence in failing to exercise reasonable care for his own safety. He testified while running in he had his eyes only on the ball. Plaintiff testified that he did not see any holes on the field except the one into which he fell. If his account be accepted the field was not in a bad or dangerous condition. The defendant was not an insurer of the plaintiff's safety. His only obligation was to keep the premises in a reasonably safe condition for its anticipated use, while plaintiff had an obligation to use reasonable care for his own safety. (*Robinson* v. *C. & J. Piskosh, Inc.,* 259 App. Div. 544; *Conroy* v. *Saratoga Springs Auth.,* 259 App. Div. 365; *Venia* v. *Bartel,* 11 Misc 2d 501.) Solely on the evidence produced by the plaintiff he has not proved the defendant negligent or shown that he was entitled to recover. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.