■ ELMER EDDY et al., Respondents, v TOPS FRIENDLY MARKETS et al., Appellants. — Order unanimously reversed, without costs, defendant's motion granted and complaint dismissed. Memorandum: Plaintiff, Elizabeth Eddy, sustained personal injuries when she allegedly slipped on a roll-on deodorant bottle in the aisle of defendant's supermarket. Plaintiffs' complaint alleged that defendant had either actual or constructive notice that the bottle was in the aisle. After plaintiffs filed a note of issue and a statement of readiness declaring that all pretrial discovery had been completed, defendant moved for summary judgment dismissing the complaint. In support of its motion, defendant relied on the pleadings and on the testimony given at an examination before trial by plaintiff and by Wayne Teal, defendant's assistant manager, who was on duty at the time of plaintiff's accident, to establish that plaintiff had not seen the bottle before she fell and thus had not reported it; that she had no personal knowledge that defendant had actual notice of such object being in the aisle; that no one had informed her that defendant had notice of such object; that Theal had examined the aisle in the area where plaintiff fell and saw no foreign objects; that the shelves were not being stocked during business hours; and that subsequent to her fall plaintiff told him that she did not know what caused her to slip. In opposition to defendant's motion, plaintiff submitted an affidavit of Leonard Eddy, plaintiff's son, who was summoned to the scene after his mother had fallen. He stated that when he went into the store to assist his mother, he noticed that "[t]here were boxes piled up along the side of the aisle, for stock boys to remove items and place them on the shelves." A party opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact. Bare conclusions or unsubstantiated allegations are insufficient (see *Zuckerman v City of New York*, 49 NY2d 557, 562). Further, the existence of a factual issue cannot be established on the hearsay information of one with no personal knowledge of the facts (*Zuckerman v City of New York, supra*). Plaintiff had filed a statement of readiness claiming that all discovery had been completed. Although a list of defendant's employees was in plaintiff's possession, no attempt had been made to contact any employee who might have had knowledge of conditions at the time of plaintiff's accident. A conclusory affidavit of plaintiff's son, from which we are asked to infer that defendant's employees were stocking the shelves, falls far short of the evidentiary showing necessary to defeat a motion for summary judgment. In order to impose liability on defendant, there must be some proof tending to show that it had either actual or constructive notice of a dangerous condition or that it had created the dangerous condition causing injuries to a customer (see *Stevens v Loblaws Market*, 27 AD2d 975; *Eagan v Great Atlantic & Pacific Tea Co.*, 252 App Div 791, affd 277 NY 729; see, also, Ann., 85 ALR3d 1000, 1003-1005). In the absence of any evidentiary facts tending to establish such notice, defendant's motion for summary judgment dismissing the complaint should have been granted. (Appeal from order of Supreme Court, Erie County, Gossel, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.