■ JOSEPH ZUPPARDO, Appellant, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated May 24, 1990, which, after a trial on the issue of liability, granted the defendant's motion to dismiss the claim on the merits.

Ordered that the judgment is affirmed, with costs.

The claimant contends that he was injured when he slipped and fell on some sand or pebbles while traversing a sidewalk at the Stony Brook campus of the State University of New York. The fall apparently occurred at or near an area where the concrete sidewalk sloped downward to accommodate wheelchair traffic from an adjacent roadway. At the conclusion of the liability phase of the trial, the Court of Claims granted the defendant's motion to dismiss the claim based on the claimant's failure to establish any negligence on the part of the State of New York. We affirm.

The claimant's contention that the defendant was negligent

in permitting the alleged sandy condition to exist on the walkway is not supported by the trial record. No evidence was adduced to establish that campus personnel or any other agent of the State created the sandy condition or witnessed its creation, nor did the claimant otherwise demonstrate that they had actual or constructive notice of the purported danger *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670). Indeed, any claim of actual notice was negated by the testimony of a campus security officer, who stated that he was not aware of any similar incident previously occurring in that area during his 19 years of patrolling the campus, and that no report of any similar occurrence at that location was on file. Likewise, the claimant failed to present any evidence of constructive notice. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History, supra,* at 837; *see, Shildkrout v Board of Educ.,* 173 AD2d 603). The trial testimony of the claimant, his girlfriend, and the security officer, unequivocally demonstrated that the alleged sandy substance was neither visible nor apparent. Moreover, even if the condition had been readily observable, the claimant failed to produce any evidence indicating that it existed for a sufficient length of time prior to the accident to permit campus personnel to discover and remedy it *(see, e.g., Gordon v American Museum of Natural History, supra; Benware v Big V Supermarkets,* 177 AD2d 846; *Shildkrout v Board of Educ., supra; Scirica v Ariola Pastry Shop,* 171 AD2d 859).

Furthermore, to the extent the claimant suggests that the wheelchair access ramp was negligently designed or constructed, we note that the testimony of the defendant's engineering expert credibly and persuasively established that the ramp was designed and built in accordance with good engineering practices, that it was not in violation of any construction codes or regulations, and that it posed no dangerous condition either to pedestrians or wheelchair operators. Under these circumstances, we discern no basis for disturbing the court's dismissal of the claim. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.