■ SHARON PHILLIPS et al., Appellants, v UNITED ARTISTS COMMUNICATIONS, INC., Respondent. [607 NYS2d 976] —In an action to recover damages for personal injuries etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Saladino, J.), entered August 1, 1991, which, upon a jury verdict finding that the defendant was not at fault in the happening of the accident, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

This case arises from a slip and fall in a movie theater. At trial the injured plaintiff testified that as she proceeded down a row of seats at the theater she slipped and fell due to a wet and sticky accumulation of some kind and/or debris on the floor. The plaintiff argued that the defendant had either actual or constructive notice of this dangerous condition but failed to correct same. The defendant countered that it regularly cleaned the theater floor after each movie showing and that it had done so immediately prior to the injured plaintiff's fall. The jury returned a verdict finding that the defendant was not at fault.

Contrary to the plaintiffs' argument on appeal, we find that the trial court's instructions to the jury were proper. Although the court's charges varied somewhat from the Pattern Jury Instructions they nevertheless adequately conveyed the sum and substance of the applicable law to be charged *(see, Feldman v Town of Bethel,* 106 AD2d 695; *see also,* Siegel, NY Prac § 398, at 598 [2d ed])*. In particular, the record fails to reveal any confusion on the jury's part as to how to apply the legal concepts of actual and constructive notice to the facts of this case *(see generally, Tucker v Elimelech,* 184 AD2d 636, 638).

Nor do we find that the verdict was against the weight of the evidence. The jury was presented with a question of fact which they could have reasonably resolved in the defendant's favor by concluding either that there was no dangerous condition, or that the defendant had no notice of such a condition, or that the defendant had taken adequate measures to protect against the dangers to be reasonably anticipated *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Zuppardo v State of New York,* 186 AD2d 561; *Cameron v Bohack Co.,* 27 AD2d 362). The jury's verdict was based upon a fair interpretation of the evidence and was, therefore, not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129). Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.