David WOODFORD and Catherine
Woodford, Plaintiffs,

v.

HILTON HOTELS CORPORATION,
Defendant.

No. 94–CV–0848.

United States District Court,
N.D. New York.

Feb. 2, 1996.

Carter, Conboy Law Firm (Shirley L. Clouser, of counsel), Albany, New York, for Plaintiffs.

Thuillez, Ford Law Firm (Donald P. Ford, Jr., of counsel), Albany, New York, for Defendant.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Plaintiffs brought this diversity action against defendant for an injury to plaintiff David Woodford allegedly caused by a defectively designed soap dish. Before the Court is defendant's motion for summary judgment.

## I. Background

Plaintiffs currently reside in Schenectady County, New York. While visiting Anchorage, Alaska, for personal and professional reasons in July of 1992, plaintiffs stayed at the Anchorage Hilton Hotel (the "Hotel") as paying guests. On the morning of July 8, while showering in his room at the Hotel, plaintiff David Woodford bent over to pick up a bar of soap. As he stood up, he struck his head on a soap dish protruding three to four inches from the shower wall. As a result, plaintiff allegedly sustained a concussion, severe neck strain, shooting pains in his head, black-outs, continuous headaches, attention span deficit, nausea, loss of energy, sleep disturbance, stress disorder, and anxiety. (Ps' Resp. to Interrogs. # 1.) Plaintiff reported this incident to the Hotel three days later, on July 11, by filling out and signing a guest accident report. (Id. # 12.) He now alleges that defendant's negligent design and construction of the shower and defendant's negligent maintenance of its premises was the sole cause of his injuries, for which plaintiffs seek $1,500,000 in damages.

Defendant Hilton Hotels Corporation is a Delaware corporation with its principal place of business in Beverly Hills, California. It is authorized to do business in the State of New York. Although plaintiffs allege that defendant owned, managed, and maintained the Hotel at all times relevant to this action, (Compl. ¶ 7),[1] defendant insists that pursuant to a management contract dated November 30, 1976, it has merely managed the Hotel pursuant to an agreement with Bristol Corporation ("Bristol"), the owner. (D's Stmnt.Undisp.Facts ¶¶ 4–5.) According to defendant, Bristol designed and built the hotel room where plaintiff's injury occurred, neither of which involved defendant. (D's Mem.Supp.Mtn. at 2.)

Defendant offers the following, uncontested description of the area where plaintiff's alleged injury occurred:

(a) the bathroom is 5' long and 8' wide;

(b) the entrance side of the tub is 17″ high;

(c) the west wall contains a towel rack which is 66″ from the top of the tub;

(d) the tub inside dimensions are 55″ long and 23.5″ wide at the top of the tub surface;

(e) the north wall contains two soap dishes. The top of the soap dish is flat and extends 3⅜6′ [sic] from the showre [sic] wall;

(f) the upper soap dish is 4'8¾″ from the floor of the tub to the lip of the soap dish.

(D's Stmnt.Undisp.Facts, ¶ 2.) Prior to the July 8 incident, defendant asserts, no guest of the Hotel had ever complained about the position, design, or construction of the soap dish in question and defendant had not received from any other source notice of any defect in the shower. (Id. at ¶ 7.)

## II. Discussion

### A. Summary Judgment Standard

Under Fed.R.Civ.Pro. 56(c), if there is "no genuine issue as to any material fact ... the moving party is entitled to a judgment as a matter of law ... where the record taken as a whole could not lead a rational trier of fact to find for the non-

---

1. Plaintiffs' position on this question is unclear. In their Memorandum of Law in Opposition to Defendant's Motion, plaintiffs refer to defendant only as the "operator" of the Hotel. In paragraph eight of his Affidavit in Opposition, however, plaintiffs' counsel refers to defendant as the "owner and operator" of the Hotel.

moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *on remand*, 807 F.2d 44 (3d Cir.1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). The burden to demonstrate that no genuine issue of material fact exists falls solely on the moving party, *Heyman v. Commerce and Indus. Ins. Co.*, 524 F.2d 1317 (2d Cir.1975), and the trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought. *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985).

## B. Applicable Law

■ The alleged injury occurred in Alaska, plaintiffs are domiciled in New York, and defendant is a Delaware corporation with its principle place of business in California. In a diversity action, the federal court must follow the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). In light of the similarity between Alaska's and New York's substantive laws of negligence, the Court need not resolve the issue of whether New York's "interest analysis" approach to choice of law issues would lead a New York State court to apply New York's or Alaska's law.

■ Under New York law, an owner or possessor of land must use reasonable care under the circumstances to maintain the premises in such a condition so as not to expose people who go upon the land to an unnecessary or unreasonable risk of danger. *Monroe v. New York*, 67 A.D.2d 89, 414 N.Y.S.2d 718, 722 (1979); *see also Scurti v. New York*, 40 N.Y.2d 433, 387 N.Y.S.2d 55, 56, 354 N.E.2d 794, 795–96 (1976); *Basso v. Miller*, 40 N.Y.2d 233, 386 N.Y.S.2d 564, 568, 352 N.E.2d 868, 872–73 (1976).

■ In order to establish a *prima facie* case of negligence against the owner or possessor of a building, plaintiffs must prove that defendant had actual or constructive notice of the allegedly dangerous or defective condition. *Ferrara v. Sheraton McAlpin Corp.*, 311 F.2d 294 (2d Cir.1962) ("[U]nder New York law liability may not be imposed upon a defendant in a negligence case which is predicated upon a defective condition that has arisen in a building unless the defendant had notice of the defect which caused plaintiff's injuries."); *see also Zuppardo v. State*, 186 A.D.2d 561, 588 N.Y.S.2d 401, 402 (1992); *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 501 N.Y.S.2d 646, 647, 492 N.E.2d 774, 775 (1986); *Lewis v. Metropolitan Trans. Auth.*, 99 A.D.2d 246, 472 N.Y.S.2d 368, 371 *aff'd*, 64 N.Y.2d 670, 485 N.Y.S.2d 252, 474 N.E.2d 612 (1984); *Eddy v. Tops Friendly Markets*, 91 A.D.2d 1203, 459 N.Y.S.2d 196, 197 *aff'd*, 59 N.Y.2d 692, 463 N.Y.S.2d 437, 450 N.E.2d 243 (1983). Those who construct or create dangerous conditions are charged with actual notice of them. *Russell v. New York City Housing Auth.*, 194 A.D.2d 505, 599 N.Y.S.2d 576, 577 (1993); *Lewis*, 472 N.Y.S.2d at 371; *Eddy*, 459 N.Y.S.2d at 197. Alaska law is substantially the same. *See, e.g., Beck v. State*, 837 P.2d 105, 115 (Alaska 1992); *Johnson v. State*, 636 P.2d 47, 52–53 (Alaska 1981).

## C. Analysis

Plaintiffs have failed to raise a genuine issue as to the material facts concerning the Hotel's ownership, design, and construction. In contrast to plaintiffs' unsupported and inconsistent assertions of ownership, defendant has submitted persuasive evidence, including the management contract it entered twenty years ago, that Bristol owns the Hotel. (D's Reply Aff.; *see also* Nogal Aff.) Similarly, plaintiffs fail to present any evidence that defendant designed or built the Hotel or the shower where the incident occurred, whereas defendant supplies the affidavit of Ralph Nogal, who worked for defendant for forty years prior to his recent retirement, managed the Hotel from 1987 to 1995, and claims that, "defendant did not design or construct the hotel in question or the shower in the bathroom." (Nogal Aff. ¶ 5.)

■ Despite the lack of evidence that defendant owned, designed, or built the Hotel or the shower where plaintiff's injury occurred, defendant can be charged with actual knowledge of any dangerous conditions on

the premises by virtue of its management contract with Bristol. The Restatement (Second) of Torts expresses the rule this way:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the existence of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Restatement (Second) of Torts* § 343. *See also Nallan v. Helmsley–Spear, Inc.,* 50 N.Y.2d 507, 429 N.Y.S.2d 606, 613–14, 407 N.E.2d 451, 457–59 (1980) (applying *Rest. (Second) of Torts* § 344 to determine liability of possessors of land for physical harm to visitors caused by third persons); *Taieb v. Hilton Hotels Corp.,* 131 A.D.2d 257, 520 N.Y.S.2d 776, 778 (1987) (stating that although "hotel keeper is not an insurer of the guests' personal safety, ... [t]he duty to safeguard hotel guests from known danger persists even if danger arose through no fault attributable to hotel keeper"), *appeal dismissed,* 72 N.Y.2d 1040, 534 N.Y.S.2d 936, 531 N.E.2d 656 (1988). Defendant contends only that it did not own, design, or construct the Hotel; there is no dispute that under its management contract with Bristol, defendant was the possessor of the Hotel when the accident occurred.

Even though defendant, as the possessor of the Hotel, can be charged with actual notice of dangerous conditions on the premises, plaintiffs have failed to raise a genuine issue with respect to the material fact of whether the soap dish constituted such a condition. Defendant certainly can be charged with actual notice of soap dish's existence, but there is nothing in the record to suggest that it can also be charged with actual notice that the soap dish posed an unreasonable risk of harm to guests. *See id.* The only evidence plaintiffs present of defendant's knowledge that the soap dish constituted a dangerous condition is an affidavit by

an expert witness submitted long after the Magistrate Judge stayed discovery pending the outcome of defendant's motion. The Court will not consider plaintiffs' belated expert witness affidavit.

Plaintiffs have neither alleged nor presented evidence that defendant acquired actual or constructive knowledge of the allegedly defective and dangerous condition of the soap dish by any other means. With respect to actual notice, plaintiffs fail to present any evidence contradicting defendant's claims that prior to plaintiffs' visit, it had never received reports from guests indicating that the soap dishes in their showers were dangerous. Plaintiffs have therefore failed to raise a genuine issue with respect to this material fact.

For the owner or possessor of a building to have constructive knowledge of a dangerous condition, the evidence must show that the defect "existed for such a length of time that defendant should have known of it, or was of such a nature that it must have existed for such a length of time as to give [the defendant] notice." *Ferrara,* 311 F.2d at 296 (quoting *Weingard v. Putnam Theatrical Corp.,* 225 A.D. 808, 232 N.Y.S. 296 (1929)). Again, from the fact that the soap dish presumably existed for a sufficiently long period of time to give defendant constructive notice of its existence, the Court cannot infer that defendant had constructive notice of its allegedly defective and dangerous condition. Aside from plaintiffs' untimely expert witness affidavit, there is no evidence that the soap dish was the sort of inherently dangerous bathroom fixture of whose existence defendant should have been aware. Plaintiffs have failed to raise a genuine issue of material fact as to whether defendant had constructive notice of the allegedly dangerous and defective nature of the soap dish.

Nor have plaintiffs presented any evidence that defendant maintained the hotel room where the injury occurred in a negligent manner. In contrast, Mr. Nogal states in his affidavit that as part of its management duties, defendant periodically inspected the Hotel's rooms. He claims that defendant

inspected plaintiffs' room one day prior to their arrival at the Hotel, and that defendant's inspection of the shower and tub indicated that all items in it were in good repair. (Nogal Aff. ¶ 6.)

Finally, the Court notes that to the extent the protruding soap dish posed any risk of danger to guests, it posed the sort of open and obvious danger that possessors of land generally have no duty to alleviate. *See, e.g., Luftig v. Steinhorn,* 21 A.D.2d 760, 250 N.Y.S.2d 354, 355 (1964) (holding that resort hotel not liable to plaintiff for injuries incurred after plaintiff, who chose to play baseball on a field maintained for use of guests and full of plainly visible holes, stepped into one), *aff'd,* 16 N.Y.2d 568, 260 N.Y.S.2d 840, 208 N.E.2d 784 (1965); *Kitchen v. Women's City Club,* 267 Mass. 229, 166 N.E. 554, 555 (1929) (holding that maintainer of clubhouse has no duty to guest, "where the conditions are open and obvious to an ordinarily intelligent person, to make changes in such conditions or call attention to dangers which are apparent to the senses of such a person"). Plaintiff failed to present evidence that any protruding soap dish on a shower wall, including the soap dish in his hotel room, is anything other than "open and obvious to an ordinarily intelligent person" using his senses.

## III. Conclusion

Plaintiffs have failed to present a genuine issue with respect to the material fact of whether defendant had a duty to use reasonable care to prevent soap dish injuries in Hotel showers. There is no evidence that defendant had actual or constructive notice of that the soap dish constituted an unreasonably dangerous or defective condition, or that defendant maintained plaintiffs' hotel room in a negligent fashion. Furthermore, plaintiffs have failed to present evidence that the soap dish, to the extent that it posed a threat to guests, was anything but open and obvious. Under these circumstances, neither Alaska nor New York law imposes liability on defendant for negligence.

**IT IS HEREBY ORDERED.**

That defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**