■ FREDERICK ABRAMSON et al., Appellants, v LAWRENCE UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. LONG BEACH CITY SCHOOL DISTRICT, Proposed Defendant and Third-Party Defendant-Respondent. [704 NYS2d 884] —In an action, *inter alia*, to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated January 7, 1999, and (2), as limited by their brief, from so much of an order of the same court, dated February 3, 1999, as granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the appeal from the order dated January 7, 1999, is dismissed as abandoned; and it is further,

Ordered that the order dated February 3, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The infant plaintiff, the captain of his school's junior varsity soccer team, was injured when he stepped in a hole in a soccer field during one of his team's intramural games. He later admitted that before the game he had observed that there were holes in the field. Under these circumstances, the Supreme Court properly granted the defendants' motions for summary judgment dismissing the complaint, as the hole into which the infant plaintiff stepped cannot be said to have been a concealed or an unassumed risk (*see, Swan v Town of Grand Is.,* 234 AD2d 934; *Russini v Incorporated Vil. of Mineola,* 184 AD2d 561; *Hoffman v City of New York,* 172 AD2d 716; *Luftig v Steinhorn,* 21 AD2d 760, *affd* 16 NY2d 568). Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.