■ VERA LEKOCEVIC, Respondent, v HAROLD LINDER et al., Appellants. [730 NYS2d 83] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered October 18, 2000, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff, a professional housekeeper, claims that she was injured while cleaning the apartment of nonparty Joan Birn. According to plaintiff, she was standing on the wobbly ladder of a bunk bed fixing the sheets of the upper bunk. While doing so, she lost her balance, fell backward, and cut her finger on the glass cover of a ceiling light, which she had tried to grab to prevent her fall. The cut required five or six stitches. After the accident, plaintiff commenced this action against defendants, who are the owners of the building, claiming that they are liable for the allegedly dangerous condition of the light cover and of the bunk bed's ladder.

Thereafter, defendants moved for summary judgment. As demonstrated by their submissions, the apartment where the accident took place was rented by defendants to Ms. Birn, who was defendant Shirley Linder's sister, and defendants did not own the bunk bed or the bed's ladder. Concerning the light cover, defendant Shirley Linder described it as a 12-inch glass square, about one eighth of an inch thick, which was in good condition prior to the accident.

Opposing the motion, plaintiff merely submitted the affirmation of her attorney. This affirmation failed to controvert any fact asserted by defendants in their summary judgment motion. Supreme Court nevertheless denied defendants' motion, finding questions of fact, *inter alia*, as to whether defendants maintained control over the apartment and whether they had actual or constructive notice of the alleged dangerous condition. We reverse.

It goes without saying that a landlord is not responsible for the condition of furniture owned by a residential tenant (here, a bunk bed ladder). Hence, the question was whether liability could be imposed for the condition of the glass cover of the ceiling light. Setting aside the issue of defendants' control over the apartment, plaintiff failed to come forward with any evidence showing that the light cover was in a dangerous or defective condition, and the mere fact that the cover broke when plaintiff struck it is in no way supportive of such a conclusion. Even if there were evidence that the light cover was in a dangerous

condition, no evidence was presented to show that defendants had actual or constructive notice of the condition (*see, Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692). Accordingly, defendants' motion should have been granted. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.